STEVEN D. SMELSER (SBN 180602)
   *ssmelser@yukelaw.com*
NICHOLAS J. HOFFMAN (SBN 284472)
   *nhoffman@yukelaw.com*
YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone:   (213) 362-7777
Facsimile:    (213) 362-7788

TIM F. WILLIAMS (Admitted *Pro Hac Vice*)
   *timw@dority-manning.com*
JASON A. PITTMAN (*Pro Hac Vice* application forthcoming)
   *jpittman@dority-manning.com*
DORITY & MANNING, P.A.
P.O. Box 1449
Greenville, S.C. 29602-1449
Telephone:   864-271-1592
Facsimile:    864-233-7342

Attorneys for Defendant, INVUE
SECURITY PRODUCTS INC.

**CENTRAL DISTRICT OF CALIFORNIA**

**UNITED STATES DISTRICT COURT**

**WESTERN DIVISION**

| | |
|---|---|
| MOBILE TECH., INC. d/b/a MOBILE TECHNOLOGIES INC. and MTI,<br><br>       Plaintiff,<br><br>   vs.<br><br>INVUE SECURITY PRODUCTS INC.,<br><br>       Defendant. | CASE NO. 2:17-cv-07491-SJO-AFM<br><br>**ANSWER AND COUNTERCLAIM TO COMPLAINT FOR INJUNCTION AND DAMAGES FOR:**<br>**(1) PATENT INFRINGEMENT**<br>**(2) FEDERAL UNFAIR COMPETITION (LANHAM ACT)**<br>**(3) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSION CODE §§ 17200 *ET SEQ.* AND 17500**<br><br><br>**JURY TRIAL DEMANDED** |

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## INVUE SECURITY PRODUCTS, INC.'S ANSWER TO COMPLAINT

Defendant InVue Security Products, Inc., by and through its attorneys, submits the following Answer to the Complaint filed by Mobile Tech., Inc. d/b/a Mobile Technologies Inc. and MTI (Plaintiff).

As information for the Court, InVue notes that Plaintiff MTI is presently a defendant in multiple actions pending in the United States District Court for the District of Oregon, each of which asserts MTI's infringement of one or more InVue patents.

InVue denies each and every allegation of the Complaint unless expressly admitted and provides the following responses to the numbered paragraphs of the Complaint.

### NATURE OF THE ACTION

1.  InVue denies paragraph 1 of the Complaint.

2.  InVue denies paragraph 2 of the Complaint.

3.  InVue denies paragraph 3 of the Complaint.

### PARTIES

4.  Based upon information and belief, InVue admits paragraph 4 of the Complaint.

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1     5.     Answering paragraph 5 of the Complaint, InVue admits only that it is

2 an Ohio Corporation, headquartered in North Carolina, that InVue is discontinuing

3 its lease of a warehouse located at 8840 Flower Rd # 110, Rancho Cucamonga,

4 California, that InVue has temporarily stored products in such warehouse that have

5 been manufactured at locations outside of the United States and brought in through

6

7 the ports including the Port of Los Angeles, and that InVue has been registered to do

8 business in the State of California.  InVue otherwise denies the remaining

9 allegations of Paragraph 5 of the Complaint.

10

11     6.     Answering Paragraph 6, the Court has subject matter jurisdiction over

12 actions arising under the United States Patent Act, 35 U.S.C. § 100 *et seq.* and

13 certain actions arising under Title 15 of the United States Code.  Under 28 U.S.C. §

14 1367, the Court may exercise supplemental jurisdiction over certain claims arising

15

16 under state law.  However, InVue denies the legal sufficiency of Plaintiff's claims,

17 denies that InVue has infringed Plaintiff's patents, and denies that Plaintiff has any

18 cause of action against InVue arising under California state law.

19

20     7.     Answering Paragraph 7 of the Complaint, InVue admits that this Court

21 has personal jurisdiction over InVue for the present action.  InVue otherwise denies

22 the allegations of Paragraph 7 of the Complaint.

23

24     8.     InVue denies paragraph 8 of the Complaint.

25

26

27

28

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

9.  Answering paragraph 9 of the Complaint, InVue admits that this Court has personal jurisdiction over InVue for the present action.  InVue otherwise denies the allegations of Paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, InVue admits that Plaintiff has produced mobile device display and merchandising security products that are used by customers to provide retail security for consumer electronics on display in retail stores.  InVue otherwise denies the allegations of Paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, InVue admits that Exhibit A to the Complaint purports to be a true and accurate copy of U.S. Pat. No. 9,786,140 (the '140 patent).  InVue otherwise denies the allegations of Paragraph 11 of the Complaint.

12. InVue denies paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint purports to set forth the text of claim 26 of the '140 Patent.  InVue otherwise denies paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, InVue is without knowledge or information sufficient to form a belief as to whether Plaintiff is the owner of the '140 patent and, therefore, denies the same.  InVue also denies the remaining allegations of Paragraph 14 of the Complaint.

15. InVue denies paragraph 15 of the Complaint.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

16.     Answering paragraph 16 of the Complaint, InVue denies that it manufactures, offers to sell, sells, uses, or imports and product or method covered by the '140 patent.  InVue also denies that any of its activities alleged in the Complaint require the permission or authority of Plaintiff.  InVue denies any remaining allegations of Paragraph 16.

17.     Answering paragraph 17 of the Complaint, InVue admits only that one of its products may be referenced as the POD Series 1060 and that Paragraph 17 purports to contain an image that includes such product.  InVue otherwise denies the allegations of Paragraph 17 of the Complaint.

18.     InVue denies paragraph 18 of the Complaint.

19.     Answering paragraph 19 of the Complaint, InVue admits only that one of its products may be referenced as the POD Series 1560 and that Paragraph 19 purports to contain an image that includes such product.  InVue otherwise denies the allegations of Paragraph 19 of the Complaint.

20.     InVue denies paragraph 20 of the Complaint.

21.     Answering paragraph 21 of the Complaint, InVue admits only that one of its products may be referenced as the POD Series 1050 and that Paragraph 21 purports to contain an image that includes such product.  InVue otherwise denies the allegations of Paragraph 21 of the Complaint.

22.     InVue denies paragraph 22 of the Complaint.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

23.     Answering paragraph 23 of the Complaint, InVue admits only that Plaintiff and InVue are competitors, and InVue otherwise denies paragraph 23 of the Complaint.

24.     InVue denies paragraph 24 of the Complaint.

25.     Answering Paragraph 25 of the Complaint, InVue admits only that a video regarding the testing of both InVue and competitor products was present on InVue's website, that such video included at least one of Plaintiff's products, and that testing of Plaintiff's product demonstrated inferiority in comparison to an InVue product.  InVue otherwise denies the allegations of Paragraph 25 of the Complaint.

26.     Answering Paragraph 26 of the Complaint, InVue admits only that the Complaint purports to set forth an image of a Freedom Micro.  InVue otherwise denies the allegations of Paragraph 26 of the Complaint.

27.     Answering Paragraph 27 of the Complaint, InVue admits only that a video regarding the testing of both InVue and various competitor products was present on InVue's website, that such video included at least one of Plaintiff's products, and that testing of Plaintiff's product demonstrated inferiority in comparison to an InVue product.  InVue otherwise denies the allegations of Paragraph 27 of the Complaint.

28.     Answering Paragraph 28 of the Complaint, InVue admits only that a video regarding the testing of both InVue and various competitor products was present on InVue's website, that such video included at least one of Plaintiff's

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

products, that testing of Plaintiff's product revealed its inferiority in comparison to an InVue product, and that Plaintiff has deliberately cropped and enlarged images from the video that are included in paragraph 28. InVue otherwise denies the allegations of Paragraph 28 of the Complaint.

29. Answering Paragraph 29 of the Complaint, InVue admits only that one viewing the video would recognize that different products are presented during testing shown in the video and that Plaintiff has deliberately cropped, enlarged, and annotated images from the video that are included in paragraph 29. InVue otherwise denies the allegations of Paragraph 29 of the Complaint.

30. Answering Paragraph 30 of the Complaint, InVue admits only that one viewing the video would recognize that different products are presented during testing shown in the video and that Plaintiff has deliberately cropped, enlarged, and annotated images from the video that are included in paragraph 30. InVue otherwise denies the allegations of Paragraph 30 of the Complaint.

31. Answering Paragraph 31 of the Complaint, InVue admits only that one viewing the video would recognize that different products are presented during testing shown in the video and that Plaintiff has deliberately cropped, enlarged, and annotated images from the video that are included in paragraph 31. InVue otherwise denies the allegations of Paragraph 31 of the Complaint.

32. Answering Paragraph 32 of the Complaint, InVue admits only that one viewing the video would recognize that different products are presented during

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

testing shown in the video and that Plaintiff has deliberately cropped and enlarged images from the video that are included in paragraph 32. InVue otherwise denies the allegations of Paragraph 32 of the Complaint.

33. Answering Paragraph 33 of the Complaint, InVue admits only that a video regarding the testing of both InVue and various competitor products was present on InVue's website, that such video included at least one of Plaintiff's products, and that testing of Plaintiff's product revealed its inferiority in comparison to an InVue product. InVue otherwise denies the allegations of Paragraph 33 of the Complaint.

34. InVue denies paragraph 34 of the Complaint.

35. InVue denies paragraph 35 of the Complaint.

36. InVue denies paragraph 36 of the Complaint.

37. InVue denies paragraph 37 of the Complaint.

38. InVue denies paragraph 38 of the Complaint.

39. Answering paragraph 39 of the Complaint, InVue refers to and incorporates herein its responses set forth above in Paragraphs 1 through 38.

40. InVue denies paragraph 40 of the Complaint.

41. InVue denies paragraph 41 of the Complaint.

42. InVue denies paragraph 42 of the Complaint.

43. InVue denies paragraph 43 of the Complaint.

44. InVue denies paragraph 44 of the Complaint.

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

45.     Answering paragraph 45 of the Complaint, InVue refers to and incorporates herein its responses set forth above in Paragraphs 1 through 44.

46.     Answering paragraph 46 of the Complaint, InVue admits only that it was served with the Complaint on October 23, 2017.

47.     InVue denies paragraph 47 of the Complaint.

48.     InVue denies paragraph 48 of the Complaint.

49.     InVue denies paragraph 49 of the Complaint.

50.     InVue denies paragraph 50 of the Complaint.

51.     InVue denies paragraph 51 of the Complaint.

52.     InVue denies paragraph 52 of the Complaint.

53.     InVue denies paragraph 53 of the Complaint.

54.     InVue denies paragraph 54 of the Complaint.

55.     InVue denies paragraph 55 of the Complaint.

56.     InVue denies paragraph 56 of the Complaint.

57.     InVue denies paragraph 57 of the Complaint.

58.     Answering paragraph 58 of the Complaint, InVue refers to and incorporates herein its responses set forth above in Paragraphs 1 through 57.

59.     Answering paragraph 59 of the Complaint, InVue admits only that it was served with Complaint on October 23, 2017.

60.     InVue denies paragraph 60 of the Complaint.

61.     InVue denies paragraph 61 of the Complaint.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

62.     InVue denies paragraph 62 of the Complaint.

63.     InVue denies paragraph 63 of the Complaint.

64.     InVue denies paragraph 64 of the Complaint.

65.     InVue denies paragraph 65 of the Complaint.

66.     InVue denies paragraph 66 of the Complaint.

67.     InVue denies paragraph 67 of the Complaint.

68.     InVue denies paragraph 68 of the Complaint.

69.     InVue denies paragraph 69 of the Complaint.

70.     Answering paragraph 70 of the Complaint, InVue refers to and incorporates herein its responses set forth above in Paragraphs 1 through 69.

71.     InVue denies paragraph 71 of the Complaint.

72.     InVue denies paragraph 72 of the Complaint.

73.     InVue lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, therefore, denies the same.

74.     InVue lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and, therefore, denies the same.

75.     InVue denies paragraph 75 of the Complaint.

76.     InVue denies paragraph 76 of the Complaint.

77.     InVue denies paragraph 77 of the Complaint.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

78.     InVue denies paragraph 78 of the Complaint.

79.     Answering paragraph 79 of the Complaint, InVue refers to and incorporates herein its responses set forth above in Paragraphs 1 through 78.

80.     InVue denies paragraph 80 of the Complaint.

81.     InVue denies paragraph 81 of the Complaint.

82.     InVue denies paragraph 82 of the Complaint.

**<u>RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF</u>**

InVue denies that Plaintiff is entitled to the relief it requested or any other relief. To the extent that Plaintiff avers or makes allegations in its prayer for relief or elsewhere that are not specifically addressed herein, any such averment or allegation is denied.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# ADDITIONAL DEFENSES

## FIRST DEFENSE
### (Non-infringement)

1.      Pursuant to 35 U.S.C. § 282, InVue has not infringed, and is not infringing, either literally or under the doctrine of equivalents, directly or indirectly, any valid claim of the '140 patent.  At a minimum, InVue does not infringe for at least the following reasons:

(a) One or more of InVue's accused products do not meet the limitation of having "a fiber optic cable."

(b) One or more of InVue's accused products do not meet the limitation of having "a connector."

(c) One or more of InVue's accused products do not meet the limitation of having voltage adaption.

(d) The '140 patent is invalid, and an invalid patent cannot be infringed.

## SECOND DEFENSE
### (Invalidity)

2.      The claims of the '140 patent are invalid pursuant to 35 U.S.C. 102, 103, 112 (first paragraph) and/or 112 (second paragraph).  In particular, at a minimum, the '140 patent is invalid for the following reasons:

(a)      The limitation "optical signal" lacks proper written description support and is not enabled by the specification of the '140 patent.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

(b)     Each and every claim of the '140 patent is invalid under 35 U.S.C. 102 and/or 103 in view of at least the following: the Freedom LP3 product and publications of such product, WO 2011/045058 to Logokett (also published as DE 10 2009 049 738); and U.S. Patent No. 7,327,276 to Deconinck.

### THIRD DEFENSE
### (No Damages)

3.     To the extent Plaintiff and its alleged predecessors in interest to the '140 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that InVue's actions allegedly infringed the patents-in-suit, InVue is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the patents-in-suit.

### FOURTH DEFENSE
### (Inequitable Conduct)

4.     Plaintiff's allegations of infringement are barred because the '140 patent is unenforceable pursuant to 37 C.F.R. § 1.56, the doctrine of inequitable conduct, the doctrine of infectious unenforceability and/or the doctrine of reverse infectious enforceability, and/or MTI's employee inventors' and MTI's patent attorneys' deliberate decision to withhold and/or mispresent material information from the United States Patent and Trademark Office (PTO) during the prosecution of the applications that resulted in the issuance of the '140 patent, as set forth in

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

Paragraphs 1 through 142 of InVue's counterclaims, which InVue hereby incorporates by reference and alleges in this defense.

## FIFTH DEFENSE
### (Unclean Hands)

5.     Having breached its duty of candor while prosecuting the applications on which the '140 patent is based as set forth in Paragraphs 1 through 142 of InVue's counterclaims, Plaintiff is not entitled to recover damages or obtain the equitable relief it seeks.

## SIXTH DEFENSE
### (Failure to State a Claim)

6.     Plaintiff's Complaint, and each of the purported claims for relief therein, fails to state a claim upon which relief can be granted.

## SEVENTH DEFENSE
### (Laches)

7.     The doctrine of laches bars Plaintiff's claims, in that Plaintiff has unreasonably delayed in the enforcement of its rights if any, despite its full awareness of Defendant's alleged actions.

## EIGHTH DEFENSE
### (Estoppel)

8.     One or more causes of action in the Complaint are barred by the doctrine of estoppel.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**NINTH DEFENSE**
**(Waiver)**

9.      One or more causes of action in the Complaint are barred by the doctrine of waiver.

**TENTH DEFENSE**
**(Adequate Remedy at Law)**

10.      The injunctive relief sought in the Complaint is barred because the injury or damage allegedly suffered by Plaintiff, if any, would be adequately compensated in an action at law for damages and therefore Plaintiff is not entitled to seek equitable relief.

**ELEVENTH DEFENSE**
**(No Irreparable Harm)**

11.      Plaintiff is not entitled to injunctive relief as it has not and will not suffer irreparable harm based on acts attributable to InVue.

**TWELFTH DEFENSE**
**(Preemption of California Unfair Competition Law)**

12.      The state law claim for Unfair Competition is preempted by federal legislation pursuant to the "*Sears-Compco* decisions" Defense to a State-Based Claim.  *See Sears, Roebuck & Co. v. Stiffel Co*., 376 U.S. 225, 11 L. Ed. 2d 661, 84 S. Ct. 784, 140 U.S.P.Q. 524 (1964); *Compco Corp. v. Day-Brite Lighting, Inc.*, 376 U.S. 234, 11 L. Ed. 2d 669, 84 S. Ct. 779, 140 U.S.P.Q. 528 (1964).

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

**THIRTEENTH DEFENSE**
**(No Unlawful, Unfair, or Fraudulent Conduct)**

13.     The state law claim for Unfair Competition is barred in whole or in part because the alleged business practices are not unlawful, unfair, or fraudulent, within the meaning of California Business & Professions Code § 17200 or otherwise.

**FOURTEENTH DEFENSE**
**(No Damages Under California Business & Professions Code § 17200, et. seq.)**

14.     The state law claim for Unfair Competition is barred in whole or in part because any monetary damages under California Business and Professions Code §17200, *et seq.*, are barred in their entirety by those statutes and other applicable legal authority.

**FIFTEENTH DEFENSE**
**(Statute of Limitations)**

15.     One or more causes of action in the Complaint are barred by the applicable statute of limitations.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

InVue reserves the right to assert additional affirmative defenses in the event that discovery or further analysis indicates that additional affirmative defenses are appropriate.

YUKEVICH │ CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

## COUNTERCLAIM

Pursuant to Fed. R. Civ. P. 13, Defendant/Counterclaimant InVue Security Products, Inc. ("InVue" or "Defendant") hereby brings counterclaims against Plaintiff/Counterdefendant Mobile Tech, Inc. ("MTI" or "Plaintiff") for judgment as follows:

## PARTIES

1.      InVue is a corporation formed under the laws of Ohio with a principal place of business at 9201 Baybrook Lane, Charlotte, NC 28277.

2.      By its Complaint, Plaintiff alleges that it is an Indiana corporation having a principal business address at 1050 NE 67th Ave., Hillsboro, OR 97124.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment arising under the Patent Act, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual and justiciable controversy exists under the Declaratory Judgment Act  between the parties and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      This Court has personal jurisdiction over MTI because MTI has availed itself of this Court through the filing of this action. Plaintiff purports to set forth claims for infringement of United States Patent No. 9,786,140 (the '140 patent) entitled "Display for Hand-held Electronics," as well as related unfair competition

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

and violation of California Business and Profession Codes.

5.      Venue in this counterclaim is premised on 28 U.S.C. §§ 1391 in that Plaintiff filed its own action in this forum.

## BACKGROUND
### The Vanguard Litigation

6.      On or about April 19, 2007, Vanguard Products Group, Inc. (Vanguard) filed an action for patent infringement against Plaintiff (known as "Merchandising Technologies, Inc." at that time) in the United States District Court for the Northern District of Illinois. *See* Case No. 1:07-cv-02178 (N.D. Ill.), ECF No. 1 (hereinafter the "First Vanguard Litigation").

7.      On or about June 21, 2007, Bruce A. Kaser (Kaser) was admitted as an attorney of record for Plaintiff in the First Vanguard Litigation.  By Order of August 21, 2007, the United States District Court for the Northern District of Illinois transferred the First Vanguard Litigation to the District of Oregon. *See* Case No. 1:07-cv-02178 (N.D. Ill.), ECF No. 52.  Attorney Kaser of Vantage Law LLC continued representing Plaintiff in the First Vanguard Litigation after it was transferred to the United States District Court for the District of Oregon.  As attorney for Plaintiff, Kaser had knowledge of the matters involved in the First Vanguard Litigation.

8.      On May 11, 2009 the parties in the First Vanguard Litigation filed a Joint Motion for Entry of Consent Judgment in the District of Oregon, which was

signed by Kaser as attorney for Plaintiff. *See* Case 3:07-cv-01405-BR (D. Or.), ECF No. 345.

9.    On May 11, 2009, the District of Oregon entered a Final Judgment by Consent and Permanent Injunction. *See* Exhibit A, Case 3:07-cv-01405-BR (D. Or.), ECF No. 346 (Final Judgment by Consent).  The Final Judgment by Consent included the following at paragraph 7:

> 7.    Vanguard and Telefonix acknowledge that MTI may be able to design new and/or modify existing Freedom products so that they do not infringe and, therefore, are not Enjoined Products.  This injunction does not apply to:
>
> > a.    MTI products with coiled cord and no reel; and
> >
> > b.    Freedom LP3, with a conductor-less mechanical retractor,
>
> both as shown in MTI's 2009 Virtual Store Tour Video and available at www.mti-interactive.com as of May 8, 2009.

10.    Plaintiff, through attorney Kaser, requested and consented to the Final Judgment by Consent including the judicial finding at paragraph 7 thereof.

11.    As attorney for Plaintiff, Kaser signed the Final Judgment by Consent and thereby had knowledge of the Final Judgment by Consent including Paragraph 7 and had knowledge of Plaintiff's consent to the final judgment that Plaintiff's Freedom LP3 product was available as of May 8, 2009.

12.    Through the Final Judgment by Consent, Plaintiff judicially represented, adopted as true, and admitted that the Freedom LP3 was publicly available as of May 8, 2009.

13.    Freedom LP3 was a product of Plaintiff having a conductor-less

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH

355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

mechanical retractor that was shown in a 2009 Virtual Store Tour Video and available at Plaintiff's website, www.mti-interactive.com, as of May 8, 2009.

14.     The 2009 Virtual Store Video, which was available at Plaintiff's website, www.mti-interactive.com as of May 8, 2009, disclosed various features of the Freedom LP3 including, for example, that it was a cable management apparatus for use in mounting an electronic device to a display, included a puck attached to a product on display, and included powering of the product using contacts on the puck and a base of the display so that when the puck is placed on the base, an electrical connection is created between the contacts so that the product's batteries can be charged via a cable between the puck and the product.

15.     Upon information and belief, the Freedom LP3 was on sale as of May 8, 2009.

16.     Additionally, as part of the settlement of the First Vanguard Litigation, Michael J. Cook, Plaintiff's then CEO, signed a Confidential Settlement Agreement on or about May 11, 2009. *See* Exhibit B, Case 3:10-cv-00392-BR (D. Or.), ECF No. 1 at pp. 14-24.  Therein, Cook, acting in his capacity as CEO of Plaintiff, agreed that Freedom LP3 was "shown in MTI's 2009 Virtual Store Tour Video and available at www.mti-interactive.com of May 8, 2009." *See* Exhibit B, p. 3, ¶ 3.

17.     On April 9, 2010, Vanguard filed another action against Plaintiff for civil contempt, breach of contract, declaratory judgment, injunction, and accounting. *See* Exhibit B, Case No. 3:10-cv-00392-BR (D. Or.), ECF No. 1 (hereinafter the

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

"Second Vanguard Litigation").

18.     In its Complaint in the Second Vanguard Litigation, Vanguard asserted that, *inter alia*, Plaintiff had breached the settlement agreement and violated the Final Judgment by Consent that ended the First Vanguard Litigation. *See* Exhibit B.

19.     During the Second Vanguard litigation, Plaintiff submitted the Declaration of Thaine Allison. *See* Exhibit C, Case No. 3:10-cv-00392-BR (D. Or.), ECF No. 34.  Allison is identified as an inventor on the face of the '140 patent; U.S. Patent No. 8,698,617; and U.S. Patent No. 8,698,618.  In his Declaration of October 20, 2010, at paragraph 30, Allison declared the following under penalty of perjury:

> 30.     As a result, before the Settlement Agreement was signed, MTI had developed at least two noninfringing alternative systems, neither of which used a powered cord in a reel retractor.  The Confidential Settlement Agreement refers to these systems as: "Freedom Universal 2.0, with coiled cord and no reel," and "Freedom LP3, with a conductor-less mechanical retractor,"  MTI refers to its coiled cord system as a "Smart Tether."  It is reinforced, has a built-in alarm system and powers the unit, but uses a coiled cord, like a very heavy duty phone cord, instead of a reel retractor as described in Plaintiffs' Patent.  The Confidential Settlement Agreement notes that both these products were shown in MTI's 2009 Virtual Store Tour Video, which obviously predated that Agreement.  Confidential Settlement Agreement at para. 3.

*See* Exhibit C

20.     As of at least October 20, 2010, Allison adopted and represented as true that the Freedom LP3 was available before May 11, 2009.

21.     As of at least October 20, 2010, Allison adopted and represented as true that MTI's 2009 Virtual Store Video showing the Freedom LP3 was available

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

before May 11, 2009.

22. Upon information and belief, as of at least October 20, 2010, Thaine Allison knew the Freedom LP3 had been for sale on or before May 11, 2009.

## The '944 Application and U.S. Patent No. 8,698,617

23. On June 21, 2010, attorney Kaser, in his capacity as attorney for Plaintiff, caused U.S. Patent Application No. 12/819,944 ('944 application) to be filed with the United States Patent Office (USPTO). The '944 application eventually issued as U.S. Patent No. 8,698,617 (sometimes referred to herein as the " '617 patent").

24. The Freedom LP3 was publicly available as of May 8, 2009 and had one or more features described and claimed in the '944 application and the '617 patent.

25. Attorney Kaser was aware, and maintained in a U.S. District Court, that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '944 application that issued as the '617 patent.

26. Allison, a named inventor for the '617 patent, was aware and had adopted as true that the Freedom LP3 was publicly available as of at least May 11, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '944 application that issued as the '617 patent.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

27.     In filing the '944 application, attorney Kaser filed electronic documents having the following filenames:

Specification MTILP3.pdf

ClaimsMTILP3.pdf

AbstractMTILP3.pdf

DrawingsMTILP3.pdf

*See* Exhibit D.

28.     Although aware that the Freedom LP3 was material prior art to the '944 application, during prosecution of the '944 application, attorney Kaser never disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Declaration of Thaine Allison, the Confidential Settlement Agreement, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009.

29.     Although aware that the Freedom LP3 was material prior art to the '944 application, during prosecution of the '944 application, Allison never disclosed to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, his own Declaration of October 20, 2010, the Confidential Settlement Agreement, or that the Freedom LP3 was publicly available as of May 8, 2009.

30.     On March 19, 2014, attorney Kaser filed an Information Disclosure Statement with the USPTO that did not disclose the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009. *See* Exhibit M.

31. As the patent attorney who filed and prosecuted the '944 application to which the '617 patent and '140 patent claim priority, Kaser had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Kaser to be material to patentability of the application. This duty required Kaser to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and that the Freedom LP3 was publicly available as of May 8, 2009.

32. On information and belief, attorney Kaser, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

33. As an inventor identified with the '944 application to which the '140 patent claims priority, Allison had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Allison to be material to patentability of the application. This duty required Allison to disclose to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20,

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2010 submitted in the Second Vanguard Litigation, and that the Freedom LP3 was publicly available as of May 8, 2009.

34.    On information and belief, Allison, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20, 2010 submitted in the Second Vanguard Litigation and/or that the Freedom LP3 was publicly available as of May 8, 2009.

**The '107 Application and U.S. Patent No. 8,698,618**

35.    On September 22, 2010, Kaser, in his capacity as attorney for Plaintiff, caused U.S. Patent Application No. 12/888,107 ('107 application) to be filed with the United States Patent Office (USPTO). The '107 application claims priority to the '944 application. The '107 application eventually issued as U.S. Patent No. 8,698,618 (sometimes referred to herein as the " '618 patent").

36.    The Freedom LP3 was publicly available as of May 8, 2009 and had one or more features described and claimed in the '107 application and the '618 patent.

37.    Attorney Kaser was aware, and maintained in a U.S. District Court, that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '107

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

application that issued as the '618 patent.

38.     Allison, a named inventor for the '618 patent, was aware and had adopted as true that the Freedom LP3 was publicly available as of May 11, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '107 application that issued as the '618 patent.

39.     In filing the '107 application, attorney Kaser filed electronic documents having the following filenames:

> Specification MTIdivisionalLP3.pdf
>
> ClaimsMTIdivisionalLP3.pdf
>
> AbstractMTIdivisionalLP3.pdf
>
> AppData MTIdivisionalLP3.pdf
>
> DrawingsMTIdivisionalLP3.pdf

*See* Exhibit E.

40.     During prosecution of the '107 application, Kaser, in his capacity as attorney for Plaintiff, filed with the USPTO on November 19, 2010, a Petition to Make Special Under Accelerated Examination Program.  Therein, attorney Kaser submitted a Detailed Explanation of Patentability purporting to identify prior art and assert reasons the claims presented were patentable.  Although aware that the Freedom LP3 was material prior art, attorney Kaser did not disclose or discuss the Freedom LP3.

41.     On November 19, 2010, attorney Kaser also submitted an Information

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Disclosure Statement (IDS) to the USPTO, wherein Kaser identified certain patents and non-patent literature documents to the USPTO during prosecution of the '107 application.

42. The filename of the November 19, 2010 IDS that attorney Kaser uploaded to the USPTO was as follows: IDSFormMTlcontinuationLP3.pdf. *See* Exhibit F.

43. The Freedom LP3 was not identified to the USPTO in the November 19, 2010 IDS.

44. On December 17, 2012, the Examiner at the USPTO issued an Office Action. Therein, the Examiner indicated that claim 7 of the '107 application (which eventually issued as claim 7 of the '618 patent) was allowable as follows:

Regarding claim 7, patentability resides in "at least one wire-to-wire connection between the source module and the mounting member when the mounting member is in the resting

---

Application/Control Number: 12/888,107                                    Page 7
Art Unit: 2681

position, for electrically communicating the at least one electrical signal from the source module to the mounting member, and wherein the wire-to-wire connection between the source module and the mounting member is broken when the mounting member is lifted from the resting position, and further, the wire-to-wire connection is not made by the mechanical cable", in combination with the other limitations of the claim.

45.    The Examiner also rejected claim 7 based on obviousness-type double patenting over claim 26 the '944 application.

46.    The Freedom LP3 was publicly available as of May 8, 2009 and disclosed one or more of the features in which the Examiner concluded patentability resided with regard to claim 7.

47.    The December 17, 2012 Office Action was mailed to Kaser at Vantage Law PLLC.

48.    Attorney Kaser was aware of the December 17, 2012 Office Action, including its contents. In fact, Kaser submitted a Response to the December 17, 2012 Office Action on June 17, 2013, but did not identify the Freedom LP3 in the

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Response.

49.     On August 26, 2013, the USPTO issued a Final Office Action. Therein, the Examiner again rejected claim 7 based on obviousness-type double patenting over claim 26 the '944 application.

50.     On March 19, 2014, attorney Kaser also submitted another Information Disclosure Statement (IDS) to the USPTO, wherein Kaser identified certain patents and non-patent literature documents to the USPTO during prosecution of the '107 application. The Freedom LP3 was not identified to the USPTO in the March 19, 2014 IDS.

51.     Although aware that the Freedom LP3 was material prior art to the '107 application, during prosecution of the '107 application, attorney Kaser never disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009.

52.     Although aware that the Freedom LP3 was material prior art to the '107 application, during prosecution of the '107 application, inventor Allison never disclosed to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20, 2010 submitted in the Second Vanguard Litigation, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

53.     As the patent attorney who filed and prosecuted the '107 application, which claims priority to the '944 application and issued as the 618 patent, attorney Kaser had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Kaser to be material to patentability of the application. This duty required Kaser to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and that the Freedom LP3 was publicly available as of May 8, 2009.

54.     On information and belief, attorney Kaser, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

55.     As an inventor identified with the '107 application, which claims priority to the '944 application and issued as the '618 patent, Allison had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Allison to be material to patentability of the application. This duty required Allison to disclose to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20, 2010 submitted in the Second Vanguard Litigation, and that the Freedom LP3 was publicly available as of May 8, 2009.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

56.     On information and belief, Allison, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20, 2010 submitted in the Second Vanguard Litigation, or that the Freedom LP3 was publicly available as of May 8, 2009.

## The '606 Application

57.     On October 29, 2013, Kaser, in his capacity as attorney for Plaintiff, caused U.S. Patent Application No. 14/066,606 ('606 application) to be filed with the USPTO.   The '606 application claims priority to the '944 application.

58.     The Freedom LP3 was publicly available as of May 8, 2009 and had one or more features described and claimed in the '606 application.

59.     Attorney Kaser was aware, and maintained in a U.S. District Court, that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '606 application.

60.     Although aware that the Freedom LP3 was material prior art to the '606 application, during prosecution of the '606 application, attorney Kaser never disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8,

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

2009.

61.     As the patent attorney who filed and prosecuted the '606 application to which the '140 patent claims priority, Kaser had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Kaser to be material to patentability of the application.  This duty required Kaser to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and that the Freedom LP3 was publicly available as of May 8, 2009.

62.     On information and belief, Kaser, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

## The '845 Application

63.     On November 27, 2013, Kaser, in his capacity as attorney for Plaintiff, caused U.S. Patent Application No. 14/092,845 ('845 application) to be filed with the USPTO.   The '845 application claimed priority to the '606 application, which claims priority to the '944 application.

64.     The Freedom LP3 was publicly available as of May 8, 2009 and had

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

one or more features described and claimed in the '845 application.

65.     Attorney Kaser was aware, and maintained in a United States District Court, that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '845 application.

66.     In filing the '845 application, Attorney Kaser filed electronic documents having the following filenames:

aia0014LP3.pdf

DrawingsMTILP3.pdf

*See* Exhibit G.

67.     During prosecution of the '845 application, Attorney Kaser filed a Request for Continued Examination (RCE) on November 27, 2013 and, in connection therewith, filed electronic documents having the following filenames:

LP3RCE

AppDataSheetLP3845

*See* Exhibit H.

68.     Although aware that the Freedom LP3 was material prior art to the '845 application, during prosecution of the '845 application, Attorney Kaser never disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

69.     As the patent attorney who filed and prosecuted the '845 application to which the '140 patent claims priority, Attorney Kaser had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Kaser to be material to patentability of the application. This duty required Kaser to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and that the Freedom LP3 was publicly available as of May 8, 2009.

70.     On information and belief, Attorney Kaser, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

## The '497 Application

71.     On July 27, 2016, Kaser, in his capacity as attorney for Plaintiff, caused U.S. Patent Application No. 15/221,497 ('497 application) to be filed with the USPTO. The '497 application claims priority to the '845 application, which claims priority to the '606 application, which claims priority to the '944 application. The '497 application eventually issued as the '140 patent asserted by Plaintiff in the present action.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH

355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

72.     The Freedom LP3 was publicly available as of May 8, 2009 and had one or more features described and claimed in the '497 application and the '140 patent.

73.     Attorney Kaser was aware, and maintained in a U.S. District Court, that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '497 application that issued as the '140 patent.

74.     Allison, a named inventor for the '140 patent, was aware and had adopted as true that the Freedom LP3 was publicly available as of May 8, 2009 and was aware the Freedom LP3 had one or more features described and claimed in the '497 application that issued as the '140 patent.

75.     During prosecution of the '497 application, attorney Kaser filed electronic documents having the following filenames:

MissingPartsResponseLP3.pdf

SpecificationLP3substitute.pdf

ClaimsLP3substitute.pdf

AbstractLP3substitute.pdf

ReplacementDrawingsLP3.pdf

*See* Exhibit I.

76.     Although aware that the Freedom LP3 was material prior art to the '497 application, during prosecution of the '497 application, attorney Kaser never

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009.

77.     Although aware that the Freedom LP3 was material prior art to the '497 application, during prosecution of the '944 application, Allison never disclosed to the USPTO the Freedom LP3, MTI's 2009 Virtual Store Video, the Confidential Settlement Agreement, his own Declaration of October 20, 2010 submitted in the Second Vanguard Litigation, or that the Freedom LP3 was publicly available as of May 8, 2009.

78.     Attorney Kaser did not file an Information Disclosure Statement with the USPTO during prosecution of the '497 application.

79.     On December 2, 2016, the USPTO issued an Office Action indicating, among other things, that pending claims 1-27 of the '497 application would be allowable. *See* Exhibit J, p. 4.  The Examiner provided the following statement of reasons for allowance:

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Regarding claim 1, patentability resides in "a security sensor arrangement carried by the mounting member, the security sensor arrangement operating from power supplied via the same single-source power signal at least when the mounting member is in the resting position, and further, the security sensor arrangement being operated by the battery storage means when the mounting member is lifted from the resting position", in combination with the other limitations of the claim.

Regarding claims 7, 14, and 21, patentability resides in "wherein the wire-to-wire connection between the source module and the mounting member is broken when the mounting member is lifted from the resting position, and further, the wire-to-wire connection is not made by the mechanical cable", in combination with the other limitations of the claim.

The closest prior art, Deconinck et al. (US 7,209,038) and Rapp et al. (US 7,724,135). Deconinck et al. disclose security system for power and display of consumer electronic devices, and Rapp et al. disclose coiled cable display device. The references, either singularly or in combination, fail to anticipate or render the above limitations obvious.

*See* Exhibit J, p. 4.

80.     The Freedom LP3 was publicly available as of May 8, 2009 and disclosed one or more of the features in which the Examiner concluded patentability resided.

81.     In the December 2, 2016 Office Action, the Examiner also rejected claims 1-27 based on obviousness-type double patenting over claims 1-7 of U.S. Patent No. 8,698,617. *See* Exhibit J, p. 3.

82.     The December 2, 2016 Office Action was mailed to attorney Kaser at Vantage Law PLLC.

83.     Upon information and belief, attorney Kaser was aware of the December 2, 2016 Office Action, including its contents.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

84.     On March 2, 2017, Benjamin L. Volk, in his capacity as attorney for Plaintiff, filed a Response to the December 2, 2016 Office Action on behalf of Plaintiff.  Volk is an attorney with the law firm of Thomson Coburn LLP, the same law firm representing Plaintiff in the present action.

85.     As of at least March 2, 2017, attorney Volk was aware of the Examiner's statement of reasons for allowance set forth in the Office Action of December 2, 2016.

86.     In the Response of March 2, 2017, attorney Volk expressly acknowledged that the December 2, 2016 "Office action identified claims 1-27 as reciting allowable subject matter."  On behalf of Plaintiff, Volk also submitted to the USTPO for examination new claims including claims 28 through 41.  Claim 28 eventually issued as claim 26 of the '140 patent.

87.     On May 26, 2017, the USPTO mailed a Notice of Allowance and Fee(s) due with Notice of Allowability for in the '497 application and included a Detailed Action indicating claims 1-41 were allowable. *See* Exhibit K.

88.     With regard to claim 28 of the '497 application (which became claim 26 of the '140 patent), the USPTO Examiner indicated the following:

> Regarding claim 28, patentability resides in "wherein the base assembly contact and the puck assembly contact are adapted to contact each other when the puck assembly is in the rest position to form an electrical connection between the puck assembly circuitry and the base assembly circuitry; and wherein the base assembly contact and the puck assembly contact are

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

adapted to lose contact with each other when the puck assembly is in the lift position to thereby break the electrical connection", in combination with the other limitations of the claim.

The closest prior art, Deconinck et al. (US 7,209,038) and Rapp et al. (US 7,724,135). Deconinck et al. disclose security system for power and display of consumer electronic devices, and Rapp et al. disclose coiled cable display device. The references, either singularly or in combination, fail to anticipate or render the above limitations obvious.

*See* Exhibit K, pp. 2-3.

89.     The Freedom LP3 was publicly available as of May 8, 2009 and disclosed the features in which the Examiner concluded patentability resided with regard to claim 28 of the '497 application.

90.     The Notice of Allowance of May 26, 2017 was mailed to attorney Kaser at Vantage Law PLLC.

91.      Upon information and belief, attorney Kaser was aware of the Notice of Allowance, including the contents of the Detailed Action.

92.     Upon information and belief, attorney Volk obtained a copy of the Notice of Allowance of May 26, 2017 or became aware of the Notice of Allowance, including the contents of the Detailed Action.

93.     On or about July 24, 2017, attorney Volk, in his capacity as attorney for Plaintiff, filed a Request for Continued Examination of the '497 application that included an "Amendment and Response with Request for Continued Examination (RCE)."  Therein, Volk amended one or more of claims 1-41 and presented new claims 42-98.

39

2:17-CV-7491

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

94.     Upon information and belief, the "Amendment and Response with Request for Continued Examination (RCE)" presented during prosecution of the '497 application was part of a decision by Plaintiff to expand the scope of the '497 application to seek claims covering one or more products of InVue. Upon information and belief, Plaintiff wanted such claims for use as the basis of a retaliatory suit, i.e. the current action, against InVue. InVue has previously filed five (5) patent infringement lawsuits against Plaintiff (*InVue Security Products, Inc. v. Mobile Tech, Inc.*, 3:15-cv-00610, 3:16-cv-00553, 3:16-cv-00734, 3:17-cv-00075 and 3:17-cv-00270 (W.D.N.C.)), which have been consolidated and are currently pending in the United District Court for the District of Oregon (*InVue Security Products, Inc. v. Mobile Tech, Inc.,* 3:17-cv-01356-SI (D. Or.)).

95.     Attorney Volk knew the Freedom LP3 was material prior art to the '497 application.

96.     On July 28, 2017, attorney Volk, in his capacity as attorney for Plaintiff, submitted an Information Disclosure Statement (IDS of July 28, 2017) to the USPTO. *See* Exhibit L.

97.     The earliest claimed priority date of the '140 patent is June 21, 2010, the date on which the '944 application was filed.

98.     In the IDS of July 28, 2017, attorney Volk cited at least three links to YouTube videos regarding the Freedom LP3 that were entitled "Installing LP3 Old Version;" "Virtual Tour of MTI Retail Innovation Center in 2009;" and "MTI LP3

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Product Mounting." *See* Exhibit L, Non-Patent Literature Documents, Cites Nos. 5, 6, and 8). However, for each such cite, Volk also indicated to the Examiner that such were not published until after the earliest claimed priority date of June 21, 2010 for the '140 patent.

99. Attorney Volk also cited a SlideShare Presentation entitled "Freedom Lp3 4.17.09." *See* Exhibit L, Non-Patent Literature Documents, Cite No. 9). Volk indicated to the Examiner that such was not published until July 28, 2009.

100. In particular, the IDS submitted by Attorney Volk represented that the video entitled "Virtual Tour of MTI Retail Innovation Center in 2009" was not published until August 2, 2010. This representation was false because, as admitted by Plaintiff, as judicially decreed in the First Vanguard Litigation, the Second Vanguard Litigation, and as agreed to by in the Confidential Settlement Agreement signed by CEO Michael J. Cook, such video was available by at least May 8, 2009, which is more than one year before the earliest claimed priority date of the '140 patent (which is June 21, 2010, the date on which the '944 application was filed).

101. Attorney Volk knew that in the Vanguard Litigation, Plaintiff made statements and submissions that were material to the patentability of the '944 application.

102. For example, in the IDS of July 28, 2017, attorney Volk cited the "Declaration of Mike Cook." *See* Exhibit L (Non-Patent Literature Documents, Cite No. 10). This was a declaration Plaintiff submitted to the District Court for Oregon

in the Second Vanguard Litigation on October 20, 2010. *See* Case 3:10-cv-00392-BR (D. Or.), ECF No. 33). This Declaration of Mike Cook does not reference the Freedom LP3.

103. In the IDS of July 28, 2017, attorney Volk also cited Exhibit 1005 to the Declaration of Mike Cook. *See* Exhibit L, (Non-Patent Literature Documents, Cite No. 11). Exhibit 1005 does not disclose that the Freedom LP3 was available before the earliest claimed priority date of the '140 patent (which is June 21, 2010, the date on which the '944 application was filed).

104. In the IDS of July 28, 2017, attorney Volk also cited multiple declarations of Thaine Allison. *See* Exhibit L, Non-Patent Literature Documents, Cites Nos. 12, 13.

105. However, despite knowing about the Vanguard Litigation, despite citing to the Vanguard Litigation and to declarations of Thaine Allison, attorney Volk did not disclose any of the following from the Vanguard litigation to the USPTO:

(a) the Final Judgment by Consent and Permanent Injunction (Case 3:07-cv-01405-BR (D. Or.), ECF No. 346) entered in the First Vanguard Litigation indicating, *inter alia*, the Freedom LP3 was available as of May 8, 2009 (Exhibit A);

(b) the Confidential Settlement Agreement signed by Michael J. Cook as part of the settlement of the First Vanguard Litigation agreeing that the

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

YUKEVICH | CAVANAUGH
355 S. Grand Avenue, 15th Floor
Los Angeles, California 90071-1560
Telephone (213) 362-7777
Facsimile (213) 362-7788

Freedom LP3 was available as of May 8, 2009 (Exhibit B); and

(c) the Declaration of Thaine Allison of October 20, 2010 indicating that the Freedom LP3 was available as of at least May 11, 2009.

106. Although aware that the Freedom LP3 was material prior art to the '944 application, during prosecution of the '497 application, attorney Kaser never disclosed to the USPTO the Freedom LP3, the Final Judgment by Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, or that the Freedom LP3 was publicly available as of May 8, 2009.

107. As the patent attorney who filed and prosecuted the '497 application which issued as the '140 patent, attorney Kaser had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Kaser to be material to patentability of the application. This duty required Kaser to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and that the Freedom LP3 was publicly available as of May 8, 2009.

108. On information and belief, attorney Kaser, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, Confidential Settlement Agreement, the Declaration of Thaine Allison, MTI's 2009 Virtual Store Video, and/or that the

2:17-CV-7491

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

Freedom LP3 was publicly available as of May 8, 2009.

109.   Although aware that the Freedom LP3 was material prior art to the '944 application, during prosecution of the '497 application, attorney Volk never disclosed to the USPTO the Final Judgment by Consent and Permanent Injunction (Case 3:07-cv-01405-BR, ECF No. 346 (D. Or.)) entered in the First Vanguard Litigation; the Confidential Settlement Agreement signed by Michael J. Cook as part of the settlement of the First Vanguard Litigation agreeing that the Freedom LP3 was available as of May 8, 2009; the Declaration of Thaine Allison of October 20, 2010 indicating that the Freedom LP3 was available as of at least May 11, 2009; and/or that the Freedom LP3 was publicly available as of May 8, 2009.

110.   As the patent attorney who filed and prosecuted the '497 application to which issued as the '140 patent, attorney Volk had a duty of candor and good faith in dealing with the USPTO, which included a duty to disclose to the USPTO all information known to Volk to be material to patentability of the application.  This duty required Volk to disclose to the USPTO at least the Final Judgment by Consent and Permanent Injunction (Case 3:07-cv-01405-BR, ECF No. 346 (D. Or.)) entered in the First Vanguard Litigation; the Confidential Settlement Agreement signed by Michael J. Cook as part of the settlement of the First Vanguard Litigation agreeing that the Freedom LP3 was available as of May 11, 2009; the Declaration of Thaine Allison of October 20, 2010 indicating that the Freedom LP3 was available as of at least May 8, 2009; and that the Freedom LP3 was publicly available as of May 8,

2009.

111. On information and belief, attorney Volk, either alone or in conjunction with others, deliberately decided not to disclose to the USPTO the Freedom LP3, the Final Judgment by Consent, Confidential Settlement Agreement, the Declaration of Thaine Allison of October 20, 2010, the availability as of May 8, 2009 of MTI's 2009 Virtual Store Video, and/or that the Freedom LP3 was publicly available as of May 8, 2009.

112. Following the breach of their duty of candor and good faith in dealing with the USPTO by MTI, Allison, attorney Kaser and attorney Volk, as described herein above, the USPTO issued the '140 patent on October 10, 2017.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Unenforceability of the '140, '617, and '618 Patents)

113. InVue realleges and incorporates by reference Paragraphs 1 through 112 of these Counterclaims as though fully set forth herein.

114. MTI has alleged in its Complaint that InVue has infringed the '140 patent. InVue denies that it has infringed or is infringing any valid claim of the '140 patent and asserts that the '140, '617, and '618 patents are unenforceable. Therefore, a present, genuine and justiciable controversy exists between Plaintiff and InVue regarding the unenforceability of the '140, '617, and '618 patents.

115. The '140 patent is unenforceable for the reasons set forth in paragraphs

1 through 112 of these counterclaims and those reasons set forth herein below under

the doctrine of inequitable conduct.

116. As set forth in detail in Paragraphs 1 through 112 of these

Counterclaims, Kaser, Allison and Volk were aware of information that was

material to the subject matter claimed in the '140, '617, and '618 patents, the

applications for these patents, and the applications to which the '140 patent and '618

patents claim priority. Notwithstanding the fact that Kaser, Allison, and Volk were

each aware of information material to the patentability, Kaser, Allison and Volk

failed to disclose this material information to the USPTO.

117. The information material to the patentability of the subject matter

claimed in the '140 patent (including the Freedom LP3, the Final Judgment by

Consent, the Confidential Settlement Agreement, the Declaration of Thaine Allison

of October 20, 2010, MTI's 2009 Virtual Store Video, the availability of MTI's

2009 Virtual Store Video and/or that the Freedom LP3 was publicly available as of

May 8, 2009) conclusively demonstrates that the subject matter claimed in the '140

patent was publically available, publically disclosed or offered for sale by MTI more

than one year before the earliest date to which the '140 patent claims priority. This

withheld information is therefore material to the patentability of the subject matter

claimed in the '140 patent and the subject matter of the applications to which the

'140 patent claims priority under 35 U.S.C. §§ 102 and/or 103.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

118.   During the prosecution of the application that resulted in the issuance of the '140 patent and the applications to which the '140 patent claims priority, Plaintiff, its employee/inventor Allison, and its attorneys, Kaser and Volk, made misrepresentations and omissions material to the patentability of the subject matter claimed in the '140 patent with the intention of misleading or deceiving the USPTO and the USPTO Examiner and did mislead and/or deceive the USTPO and the USPTO patent examiner.

119.   Based on at least 35 U.S.C. §§ 102 and/or 103, the USPTO would not have issued the '140 patent but for the failure of MTI, Allison, Kaser and/or Volk to disclose all information known to them to be material to the patentability of the subject matter claimed in the '140 patent.  Had the USPTO been aware of the material information that MTI, Allison, Kaser and Volk failed to disclose, the USTPO would not have issued the '140 patent.

120.   MTI, Allison, Kaser and Volk, each breached their duty to disclose to the USPTO all information known to be material to the patentability of the subject matter claimed in the '140 patent.

121.   The single most reasonable inference that can be drawn from the facts and circumstances surrounding the prosecution of the application for the '140 patent, the prosecution of the applications to which the '140 patent claims priority and the failure of MTI, Allison, Volk and Kaser to disclose information material to the patentability of the subject matter claimed in the '140 patent is that MTI, is that

Allison, Volk and Kaser failed to disclose and deliberately decided not to disclose the material information with the intention of misleading and/or deceiving the USPTO and the USPTO patent examiner and did mislead and/or deceive the USTPO and the USPTO patent examiner.

122. For at least these reasons the '140 patent is unenforceable due to the failure of each individual associated with the filing and prosecution of the patent to disclose to the USPTO all information known to be material to patentability of the subject matter claimed in the '140 patent.

123. The '944 application that issued as the '617 patent is antecedent to the '497 application that issued as the '140 patent.

124. The '107 application that issued as the '618 patent is antecedent to the '497 application that issued as the '140 patent.

125. The '617 patent and '618 patent bear an immediate and necessary relation to Plaintiff's inequitable conduct as set forth herein. The '140 patent, the '617 patent, and the '618 patent are all related to each other as set forth above and each of these patents claim, for example, a cable management system apparatus for use in mounting an electronic device to a display.

126. The '140, '617, and '618 patents are each unenforceable for the reason set forth herein under one or more of the doctrines of inequitable conduct, infectious unenforceability, and/or reverse infectious unenforceability.

127. For these reasons, InVue is entitled to a judicial declaration that the

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

'140, '617, and '618 patents are unenforceable under the doctrine of inequitable conduct and a finding that this action is an exceptional matter entitling InVue to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Non-Infringement)

128.   InVue realleges and incorporates by reference Paragraph 1 of its Additional Defenses and Paragraphs 1 through 5 of its Counterclaim as though fully set forth herein.

129.   MTI has alleged in its Complaint a claim that InVue has infringed the '140 patent. InVue denies that it has infringed or is infringing any valid claim of the '140 patent. Thus, an actual, immediate, real, and justiciable controversy now exists between InVue and MTI with respect to the '140 patent.

130.   InVue has not infringed and does not infringe, either directly or indirectly, any valid claim of the '140 patent.

131.   InVue seeks a declaration from this Court that InVue has not directly or indirectly infringed, and does not directly or indirectly infringe, any valid claim of the '140 Patent.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Patent Invalidity)

132.   InVue realleges and incorporates by reference Paragraph 2 of its Additional Defenses and Paragraphs 1 through 5 of its Counterclaim as though fully set forth herein.

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

2:17-CV-7491
DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

133.   MTI has alleged in its Complaint a claim that InVue has infringed the '140 patent. InVue denies that it has infringed or is infringing any valid claim of the '140 patent. Thus, an actual, immediate, real, and justiciable controversy now exists between InVue and MTI with respect to the '140 patent.

134.   The '140 patent is invalid for failure to satisfy one or more of the requirements of patentability under the patent laws, including without limitation 35 U.S.C. §§ 102, 103, and/or112.

135.   InVue seeks a declaration from this Court that the '140 patent is invalid.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Federal Unfair Competition)

136.   InVue realleges and incorporates by reference Paragraphs 1 through 5 of its Counterclaim as though fully set forth herein.

137.   Plaintiff has asserted a claim of federal unfair competition against InVue at the Fourth Claim for Relief of the Complaint. Plaintiff claims that InVue's marketing video entitle "InVue Security – Cost of Ownership" is literally false or at least misleading. InVue denies that its video is false or misleading as asserted by Plaintiff. Thus, an actual, immediate, real, and justiciable controversy now exists between InVue and MTI with respect to claims of federal unfair competition.

138.   InVue seeks a declaration from this Court that InVue's video is not false, nor is it misleading, and is not constitute the asserted unfair competition.

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT

# FIFTH CLAIM FOR RELIEF
## (Declaratory Judgment of California Business and Professions Code §§ 17200 *et seq.* and 17500)

139.   InVue realleges and incorporates by reference Paragraphs 1 through 5 of its Counterclaim as though fully set forth herein.

140.   Plaintiff has asserted a claim for unfair trade practices and unfair competition under California Business and Professions Code § 17200 *et seq.*, and False Advertising under California Business and Professions Code § 17500 against InVue in the Fifth Claim for Relief of the Complaint. InVue denies that it has engaged in unfair trade practices and unfair competition. Thus, an actual, immediate, real, and justiciable controversy now exists between InVue and MTI with respect to the alleged unfair trade practices and unfair competition.

141.   InVue seeks a declaration from this Court that InVue has not engaged unfair trade practices and unfair competition.

## REQUEST FOR RELIEF

Wherefore, having fully answered all of Plaintiff's allegations and asserted appropriate additional defenses, InVue respectfully requests the entry of judgment against Plaintiff, providing the following relief:

(A)    adjudging that Plaintiff take nothing by reasons of its Complaint;

(B)    dismissing the Complaint with prejudice and denying each request for relief made by Plaintiff;

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELEPHONE (213) 362-7777
FACSIMILE (213) 362-7788

(C)    entering judgement that InVue does not infringe the '140 patent under 35 U.S.C. § 271;

(D)    entering judgement that '140 patent is invalid;

(E)    declaring that the '140, '617, and '618 patents are unenforceable due to inequitable conduct;

(F)    finding that this case is exceptional, that InVue is the prevailing party, and awarding InVue reasonable attorney fees;

(G)    adjudging that InVue be awarded it attorneys' fees and costs;

(H)    awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

InVue demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

DATED: December 13, 2017

By:    */s/ Tim F. Williams*
    Tim F. Williams
    Jason A. Pittman
    DORITY & MANNING, P.A.

    Steven D. Smelser
    Nicholas J. Hoffman
    YUKEVICH | CAVANAUGH

    *Attorneys for Defendant INVUE SECURITY PRODUCTS, INC.*

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

# <u>ATTESTATION REGARDING SIGNATURES</u>

The undersigned attests that the signatory listed above, and on whose behalf this filing is submitted, concurs in this filing's content and has authorized its filing.

DATED:  December 13, 2017          By:     */s/ Nicholas J. Hoffman*
                                            Nicholas J. Hoffman

YUKEVICH | CAVANAUGH
355 S. GRAND AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90071-1560
TELPHONE (213) 362-7777
FACSIMILE (213) 362-7788

DEFENDANT INVUE SECURITY PRODUCTS INC.'S ANSWER TO COMPLAINT