**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-52-RJC-DSC**

| | |
|---|---|
| **MOBILE TECH, INC.,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **INVUE SECURITY PRODUCTS, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Plaintiff's Motion to Dismiss Defendant's First, Second, Third, Fourth, and Fifth Counterclaims and to Strike Defendant's Fourth and Fifth Defenses" (document #52), as well as the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Plaintiff's Motion to Dismiss Defendant's First, Second, Third, Fourth, and Fifth Counterclaims and to Strike Defendant's Fourth and Fifth Defenses" (document #52) be <u>denied</u>, as discussed below.

## I.        FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action alleging that Defendant is infringing its '140 patent entitled "Display for hand-held electronics."

Defendant has responded with its First through Fifth Counterclaims and Fourth and Fifth Defenses, all centering on allegations of inequitable conduct involving the '140 patent and two related predecessor patents, the '617 patent and '618 patent. Defendant asserts that Plaintiff, through its attorneys and named inventor, deliberately withheld information material to patentability from the U.S. Patent and Trademark Office, namely that a device incorporating the subject technology was publicly available for sale before and during the prosecution of those patents.

On February 16, 2018, Plaintiff moved to dismiss those Counterclaims and strike the Defenses. Plaintiff argues that the Court does not have jurisdiction over the '617 and '618 patents because it has not asserted them or threatened enforcement against Defendant. Plaintiff also argues that Defendant has not alleged sufficient facts to support claims for inequitable conduct or infectious unenforceability. Finally, Plaintiff argues that Defendant relies on an unrecognized theory of "reverse inequitable unenforceability."

Plaintiff's Motion has been fully briefed and is ripe for disposition.

## II.    DISCUSSION OF CLAIMS

Plaintiff contends that the Court lacks subject matter jurisdiction to enter the declaratory judgments sought by Defendant's counterclaims. Plaintiff states that it has not asserted or threatened enforcement of the '617 and '618 patents against Defendant.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of an action. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of proving the existence of subject matter jurisdiction. See Evans v. B.F. Perkins, Co., 166 F.3d 642, 647 (4th Cir. 1999). At the motion to dismiss stage, "the

district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); see also Evans, 166 F.3d at 647. A court should grant a Rule 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans, 166 F.3d at 647.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" in the Act refers to the types of "cases" and "controversies" that are justiciable under Article III of the U.S. Constitution. 3M Co. v. Avery Dennison Corp., 673 F.3d 1372, 1376 (Fed. Cir. 2012) (citing Aetna Life Ins. v. Haworth, 300 U.S. 227, 239-40 (1937)).

Prior to the Supreme Court's decision in MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, (2007), courts in the Fourth Circuit employed a two-pronged test, borrowed from the Federal Circuit, to determine whether a case or controversy existed: (1) the defendant's conduct must have created a reasonable apprehension by the plaintiff that the defendant would initiate litigation if the plaintiff continued the allegedly infringing activity, and (2) the plaintiff must have actually produced the infringing product or have prepared to produce it. See Superguide Corp. v. Kegan, 987 F.Supp. 481, 483 (W.D.N.C. 1997) (citing Windsurfing Int'l, Inc. v. AMF Inc., 828 F.2d 755, 757-58 (Fed. Cir. 1987)); CAE Screenplates, Inc. v. Beloit Corp., 957 F.Supp. 784, 788-89 (E.D. Va. 1997) (collecting Federal Circuit cases); Bioxy, Inc. v. Birko Corp., 935 F.Supp. 737, 741 (E.D.N.C. 1996) (same); Ryobi Am. Corp. v. Peters, 815 F.Supp. 172, 173 (D.S.C. 1993) (citing

Spectronics Corp. v. H.B. Fuller Co., Inc., 940 F.2d 631, 634 (Fed. Cir. 1991)); see also 10B Charles Alan Wright et al., Federal Practice and Procedure § 2761 (4th ed. 2016) (describing two-pronged test).

In MedImmune, the Supreme Court revisited its holdings on standing requirements for declaratory judgment actions and expressly rejected the reasonable apprehension component of the Federal Circuit's two-prong test. See 549 U.S. at 132 n.11. Following MedImmune, the Federal Circuit abandoned its two-prong test, see SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372, 1380 (Fed. Cir. 2007), and courts within the Fourth Circuit have followed suit. See InVue Sec. Prods, Inc. v. Merch. Techs., Inc., No. 3:12-cv-88-RJC-DSC, 2012 WL 2577452, at *2-3 (W.D.N.C. July 3, 2012); Alpharma, Inc. v. Purdue Pharma L.P., 634 F.Supp.2d 626, 629 n.3 (W.D. Va. 2009); Neuralstem, Inc. v. StemCells, Inc., 573 F.Supp.2d 888, 891-95 (D. Md. 2008); Apotex, Inc. v. Novartis AG, No. 3:06-cv-698, 2007 WL 5493499, at *4 (E.D. Va. Sept. 4, 2007); see also, Surefoot LC v. Sure Foot Corp., 531 F.3d 1236, 1238, 1241-44 (10th Cir. 2008) (Gorsuch, J.) (where putative trademark infringer sought declaratory judgment, MedImmune prevented application of Federal Circuit's two-prong test that had been largely adopted by Tenth Circuit); U.S. Water Servs., Inc. v. ChemTreat, Inc., 794 F.3d 966, 971-73 (8th Cir. 2015); Nike, Inc. v. Already, LLC, 663 F.3d 89, 94-96 (2d Cir. 2011); Vantage Trailers v. Beall Corp., 567 F.3d 745, 748-49 (5th Cir. 2009).

For there to be a case or controversy under the present standard, a plaintiff must show that "the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." MedImmune, 549 U.S. at 127. The Federal Circuit has held that a

substantial controversy exists "where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license." SanDisk Corp. 480 F.3d at 1381 (Fed. Cir. 2007).

A duty of candor applies in filing and prosecuting a patent application with the Patent and Trademark Office:

> A patent by its very nature is affected with a public interest. The public interest is best served, and the most effective patent examination occurs when, at the time an application is being examined, the Office is aware of and evaluates the teachings of all information material to patentability. Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section. . . .

37 C.F.R. § 1.56 (a) (emphasis added). Inequitable conduct occurs when an individual associated with the patent application misrepresents or fails to disclose material information as required by Rule 1.56 and does so with intent to deceive. Therasense, Inc. v. Becton, Dickinson & Co., 649 F.3d 1276, 1290 (Fed. Cir. 2011). A court may declare the tainted patent unenforceable based upon inequitable conduct. Id. The doctrine of inequitable conduct arises from the doctrine of unclean hands. Id. at 1285.

When inequitable conduct is found, a court may also declare unenforceable those patents that are related to the tainted patent. See, e.g., Consol. Aluminum Corp. v. Foseco Int'l, Ltd., 910 F.2d 804 (Fed. Cir. 1990). This latter concept, which also arises from the doctrine of unclean hands, is sometimes referred to as the doctrine of infectious unenforceability. See, e.g., Robocast, Inc. v. Apple Inc., 39 F.Supp. 3d 552, 570 (D. Del. 2014) ("In the context of inequitable conduct before the Patent Office, that conduct 'renders    unenforceable all patent claims having an

immediate and necessary relation to that conduct, regardless of whether the claims are contained in a single patent or a series of related patents.'") (citations omitted).

Defendant has established that the '617 and '618 patents are predecessor patents to the '140 patent which is the subject of this action. Accepting the factual allegations of Defendant's Counterclaims as true, Plaintiff engaged in inequitable conduct, including misrepresentation and failure to disclose, involving each of the three subject patents. See Counterclaim at ¶¶ 181-227, 243-253 (document #42). The facts alleged show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. MedImmune, 549 U.S. at 127; SanDisk Corp. 480 F.3d at 1381 (Fed. Cir. 2007). Accordingly, the undersigned respectfully recommends that Plaintiff's Rule 12(b)(1) Motion to Dismiss be denied.

In its Rule 12(b)(6) Motion to Dismiss, Plaintiff argues that it cured any inequitable conduct by making subsequent disclosures to the Patent and Trademark Office. In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

As stated above, Defendant's factual allegations taken as true at this point in the proceedings would permit a reasonable fact finder to conclude that Plaintiff engaged in inequitable conduct concerning each of the three subject patents. Accordingly, Plaintiff's Rule 12(b)(6) Motion to Dismiss should be denied as well.

Finally, Plaintiff moves to strike Defendant's Fourth and Fifth Affirmative Defenses on the grounds of futility. Federal Rule of Civil Procedure 12(f) allows the Court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). As this Court has noted: "[m]otions to strike are viewed with disfavor and are granted only for egregious violations. . . . A motion to strike places a sizable burden on the movant, and would typically require a showing that denial of the motion would prejudice the movant." Norkunas v Hospitality, 3:09-cv-434-RJC-DSC, 2010 U.S. Dist. Lexis 9643, *2 (W.D.N.C. January 13, 2010) (citations omitted). For the reasons previously discussed, as well as those stated in Defendant's brief, the Court concludes that Plaintiff has failed to show that it will be prejudiced if the defenses are not stricken. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion to Strike be denied.

### III.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Plaintiff's Motion to Dismiss Defendant's First, Second, Third, Fourth, and Fifth Counterclaims and to Strike Defendant's Fourth and Fifth Defenses" (document #52) be **DENIED**.

### IV.   NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen  days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such

objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: May 1, 2018

David S. Cayer
United States Magistrate Judge