# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| MOBILE TECH., INC. d/b/a/ MOBILE TECHNOLOGIES INC. and MTI, | CASE NO. 3:18-cv-00052-KDB-DSC |
| Plaintiff, | |
| v. | |
| INVUE SECURITY PRODUCTS INC., | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

## PLAINTIFF MOBILE TECH., INC.'S SURREPLY IN OPPOSITION TO INVUE'S MOTION TO STAY CASE PENDING REEXAMINATION

InVue stated in its reply brief that its "evidence and grounds for invalidity" in the *ex parte* reexaminations "met a more stringent standard than was required for *inter partes* review or post grant review." (DI 85 at p. 3). Thus, InVue implies that its latest effort at the Patent Office will fare better because InVue met a higher burden to get *ex parte* reexamination initiated than the burden it failed to meet just months before with its rejected *inter partes* review (IPR) and post-grant review (PGR). This is false and belied by the Patent Act and its legislative history.

The substantial new question of patentability (SNQ) standard, which is the test applied when reviewing an *ex parte* reexamination request, is the most lenient standard of the three different types of proceedings. *See* 1 Patent Office Litigation § 13:17 (2017) ("PGR, IPR and CBM have higher thresholds for initiation than the previous standard for reexamination proceedings, which required only'" an SNQ). Indeed, the Federal Circuit acknowledged this, explaining "Congress made post-grant review more difficult to obtain than reexamination by raising the standard from 'a substantial new question of patentability,' 35 U.S.C. § 303(a)

(2012), to 'more likely than not ... unpatentable,' *id*. § 324(a)." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1313 (Fed. Cir. 2014).

InVue's own statistics, which show over 90% of *ex parte* reexamination requests are granted, demonstrate the very low standard used to initiate *ex parte* reexaminations. *See* DI 83-5 at 2. Before the enactment of the America Invents Act ("AIA"), which created the higher standard for PGRs and IPRs, Judge Paul Michel, former Chief Judge for the Federal Circuit, testified to the House of Representatives regarding the low threshold. As he explained:

> What's happening already is that court proceedings that are ongoing are being stalled by things going back to the Patent Office for reexamination under the current system because the threshold to get there is meaningless. Ninety-five percent of the times that meaningless threshold of a so-called "substantial new question" is readily met. Any patent lawyer worth his salt can raise a substantial new question in virtually every case. So there has to be some kind of meaningful threshold for this procedure back in the Patent Office or a pending litigation is subject to severe and unlimited abuse.

*See* Crossing the Finish Line on Patent Reform: What Can and Should be Done, House of Representatives, 112th Cong. 45 (2011) (testimony of Judge Paul Michel), *available at* http://www.uspto.gov/aia_implementation/hearing-feb11.pdf (last visited Oct. 18, 2019).

Raising an SNQ to get an *ex parte* reexamination initiated is quite simple, as Chief Judge Michel explained. Actually prevailing, where the USPTO finds by a preponderance of the evidence that the patent claims are unpatentable, is an entirely different matter. This is one of many reasons why many judges traditionally have been opposed to granting stays for *ex parte* reexaminations. *See* 1 Patent Office Litigation § 13:17. Given InVue already failed to convince the PTAB (the reviewing body for examiners) that the patents-at-issue are "more likely than not" invalid (or even that there's a "reasonable likelihood" they are invalid), it seems far-fetched that the Patent Office will reach a different result here. InVue's motion to stay should be denied.

- 2 -

October 21, 2019

Respectfully submitted,

PARKER POE ADAMS & BERNSTEIN LLP


By: *s/ Eric H. Cottrell*
Eric H. Cottrell (N.C. Bar No. 21994)
Richard S. Glaser, Jr. (N.C. Bar No. 13998)
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
P: (704) 335-9531
F: (704) 334-4706
rickglaser@parkerpoe.com
ericcottrell@parkerpoe.com

and

THOMPSON COBURN LLP

David B. Jinkins (Pro Hac Vice)
Matthew A. Braunel (Pro Hac Vice)
Robyn H. Ast-Gmoser (Pro Hac Vice)
One US Bank Plaza
St. Louis, MO 63101
P: (314) 552-6000
F: (314) 552-7000
djinkins@thompsoncoburn.com
mbraunel@thompsoncoburn.com
rastgmoser@thompsoncoburn.com


*Attorneys for Plaintiff Mobile Tech. Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2019 the foregoing was filed electronically with the

Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of

record.

PARKER POE ADAMS & BERNSTEIN LLP

By: *s/ Eric H. Cottrell*
Eric H. Cottrell (N.C. Bar No. 21994)
Three Wells Fargo Center
401 South Tryon Street, Suite 3000
Charlotte, NC 28202
P: (704) 335-9531
F: (704) 334-4706
ericcottrell@parkerpoe.com

*Attorneys for Plaintiff Mobile Tech. Inc.*