# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-00052-KDB-DSC

| | |
|---|---|
| MOBILE TECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> INVUE SECURITY PRODUCTS INC., <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Second Motion to Stay Pending Ex Parte Reexamination (Doc. No. 99). In September 2019, the United States Patent and Trademark Office (USPTO) ordered reexamination of all the claims of both of the U.S. Patents at issue in this action, in which Plaintiff has alleged infringement of the asserted patents, trademark infringement and unfair trade practices. *See* Doc. 68 (Amended Complaint), Doc. 83-4 at 5, Doc. 83-7 at 5. In light of this pending reexamination and the USPTO's subsequent Office Actions rejecting all of the claims of the asserted patents, Defendants have renewed their motion seeking a stay of this action until the reexamination is concluded.

The Court has carefully considered this motion, the parties' briefs and exhibits and oral argument on the motion from the parties' counsel on March 5, 2020. In the interest of pursuing what is likely to be the most efficient course for both the Court and the parties to resolve the parties' disputes as described more fully below, the Court will exercise its discretion to stay all proceedings in this action.

1

## I.     FACTS AND PROCEDURAL HISTORY

Plaintiff originally filed this action in October 2017 in the Central District of California, alleging that Defendant had infringed and was continuing to infringe U.S. Patent Nos. 9,786,140 (the '140 patent) (Doc. No. 1). After an Answer and Counterclaims were filed, (Doc. No. 27), the case was transferred to this Court on January 30, 2018. (Doc. No. 39). A second case, in which Plaintiff alleged infringement of U.S. Patent No. 10,026,281 ('281 patent) by Defendant, was transferred to this Court from the Northern District of Ohio in September 2018, and the two actions were consolidated on October 3, 2018. (Doc. No. 62).

Plaintiff's First Amended Complaint in the consolidated action, filed in November 2018, alleges claims of infringement of the '140 patent and the '281 patent, unfair competition and trademark infringement. (Doc. No. 68). Defendant answered the Amended Complaint and asserted Counterclaims, (Doc. No. 69), which Plaintiff moved to dismiss in January 2019. (Doc. No. 72). The Court denied Plaintiff's Motion to Dismiss on July 9, 2019. (Doc. No. 80).

At the same time as these pleadings and motions were being filed and considered, Defendant filed two separate petitions for *inter partes* review ("IPR") under 35 U.S.C. § 311 with the Patent Trial and Appeal Board ("the Board") of the USPTO challenging the validity of the '140 patent. *See* Cases IPR2019-00078 & IPR2019- 00079 (P.T.A.B. Oct. 12, 2018). The Board denied institution of both IPR proceedings on May 14, 2019. *See InVue Security Prods., Inc. v. Mobile Tech., Inc.*, No. IPR2019-00078 (P.T.A.B. May 14, 2019); *InVue Security Prods., Inc. v. Mobile Tech., Inc.*, No. IPR2019-00079 (P.T.A.B. May 14, 2019). In addition, InVue filed a petition for Post Grant Review under 35 U.S.C. § 321 with the Board on November 21, 2018, which the Board denied to institute in its decision on May 29, 2019. *See InVue Security Prods., Inc. v. Mobile Tech., Inc.*, No. PGR2019-00019 (P.T.A.B. May 29, 2019).

Then, on August 9, 2019, Defendant filed Requests for *Ex Parte* Reexamination of the '140 patent (Reexamination Application No. 90/014,363) and the '281 patent (Reexamination Application No. 90/014,366) pursuant to 35 U.S.C. § 302. The USPTO granted Defendant's request for *ex parte* reexamination of the '281 patent in reexamination application no. 90/014,366 on September 13, 2019, stating that substantial new questions of patentability affecting all of the claims in the patent are raised by the reexamination request. *See* Doc. 83-4 at 5. The USPTO similarly granted Defendant's request for *ex parte* reexamination of the '140 patent in reexamination application no. 90/014,363 on September 24, 2019. *See* Doc. 83-7 at 5.

On February 13, 2020, the USPTO issued an Office Action in the reexamination proceeding rejecting all claims (1-30) of the '281 patent as unpatentable, or obvious, under 35 U.S.C. § 103. *See* Doc. 99-2 at 4, 12. On February 27, 2020 the USPTO issued an office action also rejecting all 96 claims of the '140 Patent. Accordingly, while the reexamination proceedings in the USPTO are far from concluded and some or all of the claims in the '281 Patent and the '140 Patent may reissue, at this point all of the patent claims asserted in this action have been rejected by the USPTO.

## II. DISCUSSION

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and with litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The determination of whether to grant a stay pending the outcome of the PTO's reexamination of a patent is soundly within the court's discretion." *Cornerstone Biopharma, Inc. v. Vision Pharma, LLC*, No. 5:07cv00389, 2008 U.S. Dist. LEXIS 76374, at *3 (E.D.N.C., Feb. 15, 2008) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)); *see also Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In this district and other North Carolina districts, "a

liberal policy exists in favor of granting motions to stay." *See Shurtape Techs., LLC v. 3M Co.*, No. 5:11CV17-RLV, 2013 U.S. Dist. LEXIS 28815, at *6 (W.D.N.C. Mar. 1, 2013) (citing *Borgwarner, Inc. v. Honeywell Int'l, Inc.*, No. 1:07cv184, 2008 U.S. Dist. LEXIS 57861, at *3 (W.D.N.C. July 7, 2008)); *Cellectis S.A. v. Precision Biosciences, Inc.*, No. 5:08-CV-00119-H, 2010 U.S. Dist. LEXIS 9104, at *5 (E.D.N.C., Aug. 10, 2010) (quoting *Cornerstone*, 2008 U.S. Dist. LEXIS 76374, at *4).

When deciding on a stay pending reexamination of a patent, courts consider "(1) the stage of the litigation, including whether discovery is or will be almost complete and whether the matter has been scheduled for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and, (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." *Borgwarner,* 2008 WL 2704818, at *1. The Court finds that consideration of each of these factors supports the exercise of its discretion to grant a stay.

First, despite the unfortunately long tenure of this case (which principally relates to its genesis in two other districts and the filing of motions to dismiss and to stay) and the exchange of some written discovery, this case remains in the early stages of discovery. The parties and the Court have not yet engaged in the claim construction process, no depositions have been taken and no trial date has been scheduled. Therefore, the first factor favors a stay. *See Agar Corp. Inc. v. Multi-Fluid, Inc.*, 983 F.Supp. 1126, 1128 (S.D. Tex. 1997) (the earlier a motion to stay is filed, the more inclined a court should be to grant it).

Second, the Court finds that Plaintiff will not be unduly prejudiced by a stay. Plaintiff claims that as a direct competitor it will be prejudiced by extending the period during which Defendant may continue to sell infringing products, thereby decreasing Plaintiff's revenue and

4

market share. However, there is no pending motion for a preliminary injunction nor is such a motion likely to be filed at this time (or to succeed) because all of the asserted patent claims have, at least for now, been rejected by the USPTO. Further, while the Court recognizes the importance of the right to exclude competitors accruing to the owners of a valid and enforceable patent, monetary damages will compensate Plaintiff and thus mitigate any harm from a delay in enforcing this exclusion, as Plaintiff acknowledges.

Plaintiff also claims it will be "tactically disadvantaged" by a stay because it has already produced infringement contentions. The Court disagrees. There should be no significant disadvantage to Plaintiff (or unfairness) in Defendant deferring its single opportunity to disclose its invalidity contentions until after the claims of the asserted patents are finalized (and Plaintiff, if necessary, revises its infringement contentions based on any changes in the patent claims). Indeed, Defendant could make a similar argument that it would be disadvantaged by having to go forward with its contentions, which Plaintiff could then use to revise its patent claims in the reexamination process. In any event, all things considered, the Court finds that Plaintiff will not be unduly prejudiced by a stay pending the reexamination.

Finally, and perhaps most significantly, a stay may well simplify the issues and streamline the trial, reducing the burden of litigation on the parties and on the court. While Plaintiff argues that the USPTO will not ultimately change the claims in the asserted patents, this is just conjecture and speculation at this point as neither the Court nor the parties can predict with certainty what the USPTO will do in the future. What is known is that the USPTO has currently rejected all the claims of the asserted patents and whether and how those claims will ultimately be reissued is uncertain. Plaintiff may lose claims of the patents-in-suit, amend the claims of the patents-in-suit or the claims

will reissue exactly as previously issued. Also, in the reexamination process, Plaintiff may make arguments delimiting the scope of claim terms that will affect these proceedings.

Therefore, issues currently disputed may be avoided (if claims are eliminated) or perhaps significantly altered if the patent claims are amended, thereby simplifying this action. Indeed, it would be a substantial waste of the parties' and the Court's time to engage in a lengthy claim construction process (involving more than 100 claims) until the final scope of the claims truly at issue is determined. Further, Defendant argues that if the reexamination process leads to the reissuance of amended claims that may change the scope of permitted damages under 35 U.S.C. § 252 and 307(b) so the discovery and trial of damages may similarly be reduced. In sum, the Court finds that it is most efficient to stay this action until a final determination of the scope of the asserted patent claims is determined in the reexamination process.[1]

---

[1] During oral argument, the Court informed the parties of the Court's willingness (indeed preference) to allow discovery and other pretrial proceedings to continue pending the reexamination on Plaintiff's trademark and unfair competition claims, which Plaintiff had represented were "unrelated to the validity or scope of the patents-at-issue." However, notwithstanding the earlier representation, Plaintiff's counsel opined that discovery on Plaintiff's non-patent claims was interrelated with discovery on the patent claims and that unless the Court permitted *all* discovery to continue then no discovery should be permitted. Defendant also opposed allowing discovery to proceed on any portion of the case on the grounds that it would be inefficient. Accordingly, the Court will stay all proceedings subject to the parties' opportunity to seek relief from the stay if they can cooperatively agree to pursue partial discovery during the reexamination, which the Court continues to encourage so that the case can move forward expeditiously after the reexamination is completed. And, as noted during oral argument, the Court informs the parties that any absence of professional cooperation in pursuing discovery and the litigation (which all sides alleged concerning the discovery to date) will not be tolerated as the case proceeds.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Stay (Doc. No. 99) is **GRANTED;**

2. This matter shall be stayed as to all proceedings pending the USPTO's reexamination of the '140 Patent and the '281 Patent; and

3. The parties are directed to report to the Court on the progress of the reexamination of the patents-in-suit no less than once every 90 days from the date of this order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 5, 2020

Kenneth D. Bell
United States District Judge