**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

MOBILE TECH. INC. d/b/a
MOBILE TECHNOLOGIES INC.
and MTI,

        Plaintiff,

vs.

INVUE SECURITY PRODUCTS
INC.,

        Defendant.

CASE NO. 3:18-cv-00052-KDB-DSC

## STIPULATED PROTECTIVE ORDER

Plaintiff, Mobile Tech, Inc. ("Plaintiff" or "MTI") and Defendant, InVue Security

Products, Inc. ("Defendant" or "InVue") by and through their attorneys of record, jointly request

the entry of this Protective Order to govern the exchange of information and the production of

documents that at least one party considers to be or to contain confidential information.  The

parties jointly request that the Court enter the Protective Order pursuant to Federal Rule of Civil

Procedure 26(c).  Unless modified upon proper application to the Court, this Order shall remain

in effect through the conclusion of this litigation.

The parties agree that good cause exists to protect the confidential nature of the

information contained in documents, interrogatory responses, responses to requests for

admission, deposition testimony or other discovery vehicles utilized in this case. This action

concerns allegations of patent infringement, trademark violation, and unfair competition. The

parties expect to exchange documents and information relating to trade secrets or confidential

research and development or commercial information, the disclosure of which is likely to cause

harm to the party producing such information. The parties agree that the entry of this Stipulated

Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, **IT IS HEREBY ORDERED** as follows:

**1. Designated Materials**

a. A party or nonparty ("Designating Entity") may designate as CONFIDENTIAL, in whole or in part, any document, thing, or information (collectively, "material") which is to be disclosed or produced in this action and which the Designating Entity believes in good faith contains trade secrets or other confidential research, development, or commercial information which is not generally known to the public and which the Designating Party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. The marking shall state "CONFIDENTIAL" or other similar legend, along with a designation identifying the Designating Entity.

b. A Designating Entity may designate as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY, in whole or in part, any material which is to be disclosed or produced in this action and which the Designating Entity believes in good faith contains highly confidential information which is not generally known to the public and which is so commercially sensitive or confidential that disclosure to persons other than those authorized under Paragraph 7 below would have the effect of causing harm to the competitive commercial position of the Designating Entity. The marking shall state "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or other similar legend, along with a designation identifying the Designating Entity.

c. Items designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR are referred to herein as "Designated Materials."

d. The designations described in subparagraphs (a) and (b) above or in Paragraph 10 below shall be made, where practical, by the Designating Entity by marking or labeling each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate legend. If not practical to so mark the material itself, a container for, or a tag attached to, the material shall be so marked. For documents produced in native format, because the above requirements may be technically infeasible or impossible, the words "CONFIDENTIAL," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR" shall be placed within the file name of the electronic document or within the name of a folder containing the electronic document(s). If any items produced in a non-paper medium are printed out by the party that receives the material from a Designating Entity (the "Receiving Party"), the Receiving Party must mark each page of the printed version with the confidentiality designation if the printed version is not already marked. The designation or non-designation of any such material under this Protective Order shall not be admissible as evidence in this litigation for any purpose. Any response to written interrogatories or requests for admission (or any portion thereof) that constitute or contain CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR information shall be labeled or marked with the appropriate legend by the Designating Entity.

e.       Notwithstanding any other provision of this Protective Order, information is neither CONFIDENTIAL nor RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY nor RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR if: (i) the parties, including any non-party Designating Entity, agree, or the Court rules, it is in the public domain; (ii) the parties, including any non-party Designating Entity, agree, or the Court rules, it has become part of the public domain by publication or other means, except by an unauthorized act or omission on the part of the Receiving Party; (iii) it is supplied to the Receiving Party by a third party who is under no obligation to maintain such information in confidence; and/or (iv) it is or becomes lawfully known to or in the possession of the Receiving Party without any breach of this Protective Order or other confidentiality obligation.

f.       A Designating Entity will use reasonable care to avoid designating any document or information as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR which is not entitled to such designation.

2.       **Material Produced for Inspection.**  Where discovery is provided by allowing access to the documents or tangible things for inspection instead of delivering copies of them, the Designating Entity bears the burden of raising confidentiality concerns regarding inspected documents or tangible things.  If a Designating Entity believes that inspection, measuring, testing, sampling, or photographing of that entity's processes, products, equipment, premises, or other property pursuant to Fed. R. Civ. P. 34 will reveal or disclose information that is in good faith deemed CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION

BAR, that entity shall advise in advance the party seeking such discovery that the inspection, measuring, testing, sampling, or photographing will be permitted only on a confidential basis, and that the information discovered shall be treated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR. The failure to advise shall not, however, waive the ability to protect such information under this Protective Order, except the prosecution bar of Paragraph 10 shall not apply to any individual or attorney because he or she viewed materials later designated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR unless such individual or attorney views the materials after such designation.

3. **Persons Permitted in Depositions.** If during the course of a deposition taken in this action, any questions are to be asked or any answers are to be given regarding (a) CONFIDENTIAL material, then only persons designated in Paragraph 8 below (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition; or (b) RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material, then only persons designated in Paragraph 7 below (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition; or (c) RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR material, then only persons designated in Paragraph 10 below (and the deponent's counsel in the case of a separately represented non-party) shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL –

OUTSIDE COUNSEL ONLY – PROSECUTION BAR material to any person to whom disclosure is prohibited under the Protective Order.  It shall be the obligation of the Designating Entity that produced the CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR material to invoke this provision.

4.  **Designation of Deposition Transcripts.**  With respect to depositions of any party, non-party, or any person employed by, formerly employed by, or acting on behalf of a party to this action, such party, non-party, or another party to this suit may at the deposition designate all (if appropriate) or portions of the deposition as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript.  Such a designation may be done orally at the time of the deposition or in writing within fifteen calendar days (or the next following day that the court is open or operational in the event that the fifteenth day is not a day on which the court is open or operational) after receipt of the deposition transcript.  Until expiration of the fifteen day designation period and unless otherwise agreed, the entire transcript with exhibits shall be considered RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY (or as otherwise designated orally at the time of the deposition) and treated as such pursuant to the terms of this Protective Order, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those described in Paragraph 7 below during said fifteen days.  Upon being informed that certain portions of a deposition are designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL

ONLY – PROSECUTION BAR, each party shall cause each copy of the transcript in its possession, custody, or control to be so marked, to the extent not already marked by the reporter. Video or DVD versions of the deposition will automatically have the same designation as the transcript. Documents used as exhibits in a deposition which have already been designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR shall keep their confidentiality designation. Notwithstanding anything to the contrary in this Protective Order, the prosecution bar of Paragraph 10 shall not apply to any individual or attorney because he or she attended a deposition for which portions were later designated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR unless such individual or attorney was notified of the designation at the deposition prior to the testimony at issue (and does not leave the deposition during the relevant designated testimony) or if such individual or attorney views the designated testimony in the transcript after designation.

5.      **Limits on Use of Designated Materials.**  All materials designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action and any related appeal, and shall not be disclosed by the recipient to anyone other than those persons entitled to have access to such material pursuant to Paragraphs 7, 8 or 10 below, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the Designating Entity.  Nothing in this Protective Order shall bar or otherwise restrict a producing party or non-party from having access to or using, without notification to any other party or non-party, CONFIDENTIAL or

RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials that the producing party or non-party has produced in this action. Where a Receiving Party designated a document CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR solely because it contains the confidential information of a Designating Entity (for example, in a pleading or brief), nothing limits the Designating Entity from showing the designated document to anyone.

6. **Challenges to Designations and Resolution of Disputes.**

a. Nothing in this Protective Order shall be construed to prevent any party to this action from opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR, nor shall the acceptance of documents or information so designated constitute any agreement, admission, or concession that the materials are in fact properly subject to protection under Fed. R. Civ. P. 26 or on any other basis.

b. A party opposing the designation of materials as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR shall serve a written objection, including a statement of the grounds for the objection, on the Designating Entity. Counsel for the parties shall confer in good faith within court days after receipt of the objection to attempt to resolve the dispute. If, after conferring, a dispute still remains, the objecting party then may, within five court days of the conference, move the Court for an order removing or replacing the CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL

ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR designation.  On such a motion, it shall be the burden of the Designating Entity to prove that the material or information was properly designated.  If an objecting party does not make a timely motion, such objection is deemed withdrawn with prejudice.  Until a ruling from the Court, disputed items are presumed to be CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR as designated and will be handled in accordance with the provisions of this Protective Order.

        c.        The designation of material as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR may also be challenged under this section if any of the events described in Paragraph 1(e) have come to pass.

        d.        In the event that the Designating Entity alleges that a Receiving Party's use of material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR violated the terms of this Protective Order, the Designating Entity shall have the burden of showing that the Receiving Party had material designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR and used it in violation of this Protective Order.

        e.        A party shall not be obliged to challenge the propriety of a designation at the time made and the failure of the Receiving Party to challenge the confidential status of any

material under this Protective Order at the time of production shall not be deemed a waiver of the Receiving Party's right to challenge the propriety of such designation at any time thereafter.

7. **Access to RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials.** Access to material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, or other paper that contains, reveals, or refers to material so designated, shall be limited to:

a. outside counsel of record for the parties;

b. the employees of such outside counsel of record (including assistants, paralegals, and clerk) actually assisting such counsel in connection with this case, provided, however, that such employees have access to material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

c. independent copy and litigation support services solely for purposes of making copies, preparing demonstrative or other exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in the litigation and provided they have signed an undertaking or agreement agreeing not to disclose publicly, or otherwise, Designated Material and to keep any information concerning Designated Material confidential;

d. independent document management support services, but only to the extent necessary to perform their duties and provided they have signed an undertaking or agreement agreeing not to disclose publicly, or otherwise, Designated Material and to keep any information concerning Designated Material confidential;

e.     mock jurors or jury consultants who have signed an undertaking or agreement agreeing not to disclose publicly, or otherwise, Designated Material and to keep any information concerning Designated Material confidential;

f.     court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Protective Order and provided that they are provided information designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY only to the extent necessary to perform their duties;

g.     the Court and any Court of appellate jurisdiction;

h.     Court personnel involved with this case;

i.     any designated arbitrator or mediator who is assigned or selected to hear this matter, along with his or her staff, who have been provided a copy of this Protective Order and have executed a copy of the agreement in Exhibit A, provided that no such designated or selected arbitrator or mediator is an employee of a party;

j.     members of the jury in this case;

k.     witnesses who are deposed in this action or who are called as witnesses at any hearing or trial in this action, but only (1) in preparation for the deposition, hearing, or trial, or (2) during the deposition, hearing, or trial, and only under the following circumstances:

i)     any witness may be shown, but not allowed to retain, RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material in which the witness is identified as the originator, signatory, author, addressee, or recipient of the original or a copy;

ii)     a current officer, director, or employee of a Designating Entity may be shown that entity's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

iii)     any witness selected by a Designating Entity to provide testimony pursuant to Fed. R. Civ. P. 30(b)(6) may be shown that entity's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material;

iv)     a former officer, director, or employee of a Designating Entity may be show that entity's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material if it appears from the face of the material that the witness previously had access to the material while employed by the Designating Entity, provided that counsel making such disclosure shall inform the witness that the matter is confidential and may not be disclosed or used except as provided in this Protective Order;

l.     any person who appears as the author or as an addressee on the face of the document or who has been identified by the Designating Entity as having been provided with the document or the information by the Designating Entity;

m.     any person that already has or obtains legitimate possession of such Designated Materials;

n.     non-party experts or consultants, including their personnel, retained to assist counsel of record in this case who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

1.     Counsel for a party proposing any such expert or consultant shall submit to outside counsel of record for the other parties a copy of the complete Notice of Adherence to Protective Order in the form attached

hereto as Exhibit A signed by such expert or consultant, and current resume or curriculum vitae for such person, which shall disclose (1) any employment and/or consultations the expert has had (including direct relationships and relationships through entities owned or controlled by the proposed expert or consultant) and a list of the cases in which the proposed expert or consultant has testified at deposition or trial within the last four (4) years, unless the employment or consultation was for a Party, in which case all such employment and/or consultations must be disclosed; and (2) the subject matter of the employment, consultation, and/or testimony; and (3) whether the proposed expert or consultant is a current officer, director, or employee of a Party, or anticipates at the time of retention becoming an officer, director, or employee of a Party.  The original of each such Notice and of any related disclosures shall be maintained by counsel proposing the expert;

        2.        To the extent that the expert or consultant has or had a confidential employment or consultation arrangement, the disclosure shall identify, to the extent possible without violating any confidentiality obligations, (i) the industry in which the relationship(s) took place, (ii) the general technology involved, (iii) the dates of the relationship(s), and (iv) any non-confidential information available about the relationship(s) that would aid in describing the circumstances of the relationship(s); however, the disclosure of expert or consulting relationships with non-parties may be limited to the last four years.  If any of this information cannot be disclosed

because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed;

3.      Counsel for a party proposing any such expert or consultant shall provide such other information regarding the proposed expert's or consultant's professional activities reasonably requested by the opposing party within three days of the request in order for the opposing party to evaluate whether good cause exists to object to the disclosure of Designated Materials to the non-party expert or consultant.  An expert's or consultant's non-disclosure of information related to a confidential employment or consultation arrangement, shall not, by itself, be legitimate grounds for objection to, or disqualification of, the non-party expert or consultant.

4.      Unless a party notifies the proposing counsel in writing of its objection to any such proposed expert or consultant, and the basis therefore, within ten  days after receipt of a copy of the Notice referred to in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the designating party's RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material pursuant to the terms and conditions of this Protective Order.  There shall be no disclosure of Designated Material to the proposed expert or consultant prior to expiration of this ten  day period.

5.      Should the opposing party timely notify proposing counsel of its objection, the parties shall meet and confer via telephone or in person within seven days of the opposing party's written objection and, if not

resolved, the opposing party shall have seven days from the meet and confer within which to file a motion for a protective order to preclude the proposed disclosure. Where objection is made, no designated material shall be disclosed to the proposed expert or consultant until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the court's order denying the producing party's motion for protection. Failure of the objecting party to file such a motion shall be deemed a waiver of any objection to the disclosure of information to the proposed person, subject to the terms of this Protective Order.

   6.  Any third party subject to discovery in this litigation shall be treated as a party under Paragraph 7(d) to permit such third party to raise valid objections, if necessary, to an expert or consultant having access to the CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY materials produced by that third party.

  o.  one (1) representative of a Receiving Party constituting a General Counsel or other in-house counsel, provided that such person has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A.

   p.  any other persons with the prior written consent of the Producing Party, or upon such terms and conditions as the parties may agree or as the Court, by order, directs.

  8.  **Access to CONFIDENTIAL Materials.** Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, or other paper that contains, reveals, or refers to material so designated, shall be limited to the persons and circumstances identified in Paragraph 7 hereof

and additionally not more than three representatives of a Receiving Party who are officers or employees of the Receiving Party who may be, but need not be, in-house counsel of the Receiving Party, as well as their immediate clerical staff to whom disclosure is reasonably necessary for this case, provided that: (a) each such person has agreed to be bound by the provisions of this Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given by providing the executed copy of Exhibit A to the opposing party as set forth in Paragraph 7(n)(i) through 7(n)(iv) above. The representatives may review CONFIDENTIAL information solely for the purpose of this action or any related appeal and not for any other purpose.

9.      **Disclosure to Unlisted Persons.**  If an attorney for any Receiving Party desires to give, show, make available, or communicate (a) any document or information designated CONFIDENTIAL to a person not authorized by Paragraph 8 to receive such documents or information, or (b) any document or information designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY to a person not authorized by Paragraph 7 to receive such documents or information, the attorney must first submit to outside counsel for the Designating Entity a copy of a complete Notice of Adherence to the Protective Order in the form attached hereto as Exhibit A signed by the person seeking access, and disclose the person's name, a statement of that person's responsibilities that require access to such information, a specific identification of the information to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary.  The Designating Entity shall have seven court days after receiving the above-described information to object in writing to such disclosure.  Pending resolution of any informal or formal petition for disclosure, no disclosure shall be made to such person.  If the disclosing party who designated

the document refuses to give its consent, the disclosing and receiving parties shall confer to attempt to resolve the reasons for withholding consent. If an agreement cannot be reached, the Receiving Party desiring disclosure of the confidential document or information may file a motion with the Court for an order granting disclosure, and it bears the burden of proving why the requested disclosure is appropriate.

**10. Prosecution Bar.** A Designating Entity may designate as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR, in whole or in part, any material which is to be disclosed or produced in this action and which the Designating Entity believes in good faith contains highly confidential information (1) regarding products, processes and/or technologies not yet released or sold to the public in the United States (2) which is not known to the public and cannot be determined from public information and (3) which is so commercially sensitive or confidential that disclosure to persons who are involved in efforts to prosecute additional intellectual property rights for the Receiving Party, would have the effect of causing harm to the competitive commercial position of the Designating Entity. A Designating Entity may not designate as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR information regarding products that have already been sold or offered for sale by anyone, used or displayed by third parties, or publicly used or displayed by any entity, unless such information cannot be determined from the publicly disclosed information related to such product(s) (e.g., manufacturing processes). The marking shall state "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR" or other similar legend, along with a designation identifying the Designating Entity.

     a.     Access to material designated RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR under this Protective Order, and

to any portion of any transcript, brief, affidavit, letter, memorandum, or other paper that contains, reveals, or refers to material so designated, shall be limited to the persons and circumstances identified in Paragraph 7(a)-(g) hereof and as further restricted below.

b.        During the pendency of this case, including any appeals, and for one year after its conclusion, any recipient of "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR" information, documents and/or other materials shall not participate in, aide in, advise, or counsel the drafting of the disclosure (written description or drawings) or claim language in connection with the preparation, filing, and/or prosecution of a patent application in any country concerning the non-public, technical product features, information and/or other things disclosed in the materials or documents designated "RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR."  The scope of this Prosecution Bar includes any and all continuations, continuations in part, divisionals, reissues, and interferences. The scope also applies to counsel proposing or prosecuting on behalf of a patent owner claim amendments or new claims in *ex parte* reexaminations, and motions to amend in post-grant reviews, and inter partes reviews concerning such patent applications or patents (including, but not limited to, the patents-in-suit) that issue from such applications.  Nothing in this paragraph, however, prevents any counsel from making claim amendments or motions to amend in an *ex parte* reexamination, post-grant review, or *inter partes* review before such counsel has viewed information designated as RESTRICTED CONFIDENTIAL –OUTSIDE COUNSEL ONLY – PROSECUTION BAR. Additionally, nothing in this paragraph applies to claims that were previously granted, and thus it does not prevent any counsel from representing a client with respect

to such claims in an *ex parte* reexamination, post-grant review, or *inter partes* review -
provided such claims are not being amended as set forth above.

c.      Each party shall designate an individual among outside counsel team or
specified email address for service of materials designated as RESTRICTED
CONFIDENTIAL –OUTSIDE COUNSEL ONLY – PROSECUTION BAR. To the
extent any other individuals are served with any materials designated as RESTRICTED
CONFIDENTIAL –OUTSIDE COUNSEL ONLY – PROSECUTION BAR, the
provision of this paragraph shall not apply to the improperly served materials and any
person who viewed improperly served materials is not subject to the bar merely by
having viewed such improperly served materials.

11.      **Maintenance of Designated Materials.**  Material designated CONFIDENTIAL
or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED
CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR shall be maintained
in the custody of counsel for the parties except that: (a) any court reporter who transcribes
testimony given in this action may maintain any such designated documents for the purpose of
rendering his or her normal transcribing services; and (b) partial or complete copies of these
documents may be retained by persons entitled to access of such documents under the terms of
this Protective Order to the extent necessary for their study, analysis, and preparation of the case.
Each recipient of material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL –
OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL
ONLY – PROSECUTION BAR shall maintain such material in a secure, safe area and shall
exercise the same standard of care with respect to the storage, custody, use, and dissemination of

such material as is exercised by the recipient with respect to its own confidential and proprietary material.

12. **Copies and Analyses.** Nothing herein shall restrict a qualified recipient of designated documents or information from making working copies, abstracts, digests, and analyses of such information solely for use in connection with this litigation, and such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this litigation, provided that access to such information, whatever for stored or reproduced, shall be limited to qualified recipients.

13. **Designated Material Sought by Non-Parties.** Except upon consent of the Designating Entity or upon order of the Court, any and all materials designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR produced, served, or otherwise made available by the Designating Entity to another party during the course of this action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, shall be used only for preparation and presentation of this action and any appeals thereof. In the event any person or Receiving Party having possession, custody, or control of any material produced in this action and designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR by a Designating Entity receives a subpoena or other process or order to produce such information, such

subpoenaed person or entity shall, promptly after receipt and before a response to such subpoena or other process or order is due, where possible (and as soon as possible after receipt, where not possible), notify by mail and email the attorneys of record for the Designating Entity claiming such confidential treatment of the mater sought by such subpoena or other process or order and furnish those attorneys with a copy of said subpoena or other process or order. Such subpoenaed person or entity shall cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected. The Designating Entity asserting the confidential treatment shall have the burden of defending against such subpoena, process, or order. The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Designating Party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

14. **Pleadings Containing Confidential Information.** Without prior written permission from the Designating Entity or a Court order secured after appropriate notice to all interested parties, any pleading, brief, exhibit, or other paper that is filed with the Court or served on another party that contains, quotes, discusses, or otherwise reveals material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR shall be filed under seal. Any party seeking to file any CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials under seal shall seek leave of the Court, in accordance with the Court's Local Rules, and a Designating Entity will provide any supporting declarations or material necessary to support the filing party's request to file the pleading under seal. Nothing in this paragraph shall preclude a party from delivering an

additional courtesy copy of any paper containing designated materials, which copy is not sealed, directly to the judge responsible for the litigation.

15. **Final Disposition of Materials.** The ultimate disposition of Designated Material is subject to a final order of the Court on the completion of this Action. Unless the Court orders or counsel agree otherwise in writing, within sixty days of the final termination of this action including any appeals, all CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials that have been produced, served, or otherwise made available by the Designating Entity during the course of this action, together with all reproductions, copies (including copies provided by a Receiving Party to any other person), abstracts, indices, or summaries of those materials, shall be destroyed or delivered to counsel for the Designating Entity, except that (1) if those materials are the subject of a valid subpoena or Court order in another action, the Receiving Party may retain those subject materials only for as long as is necessary to comply with the subpoena or order; (2) outside counsel of record for each party may retain a complete set of their case files for this matter, including all pleadings, deposition transcripts and exhibits, expert reports and exhibits, discovery responses, and correspondence, but such file copies must be maintained under the conditions of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY documents; and (3) if materials are contained in e-mails, back-up tapes, and/or other electronic formats, there shall be no obligation to return or destroy, but such electronic copies must be maintained under the conditions of RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY documents. Outside counsel for each party shall remind any experts, consultants, and others as appropriate of their obligation to destroy or return designated materials. Each party shall submit a written certification by the sixty day

deadline confirming that all material has been destroyed (or handled as otherwise ordered or agreed in writing). No party shall be in violation of this paragraph to the extent any materials designated under this Protective Order are not returned or destroyed as required to the extent that such is an accidental oversight, the party made good-faith efforts to comply with this paragraph, and the designated materials are returned or destroyed as soon as possible after the party learns that such had not been previously returned or destroyed.

16. **Inadvertent Failure to Designate.** Production of any material without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party or non-party from providing written notice designating said document or material CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR. A producing party shall promptly notify the receiving party upon discovery of the incorrect designation and shall have twenty days from the discovery of the improperly designated materials to provide a re-designation. During this period and following re-designation, the material shall thereafter be treated as if it had originally been designated at the re-designated level. Following any re-designation of material, the party receiving such material shall take reasonable steps to comply with the re-designation, including, without limitation, retrieving all copies of, excerpts of, and notes related to any re-designated material from persons not entitled to receive it. Disclosure of such CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials to persons not authorized to receive that information prior to receipt of the written re-designation shall not be deemed a violation of this Protective Order. If the producing party

chooses to produce new copies of the discovery marked with the appropriate legend, the Receiving Party shall make a reasonable effort to substitute the new copies for the previous copies, including but not limited to recalling any copies from any expert or consultant and substituting correct copies. Notwithstanding anything to the contrary in this Protective Order, the prosecution bar of Paragraph 10 shall not apply to any individual or attorney because he or she viewed materials redesignated as RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR unless such individual or attorney views the materials after such re-designation.

17. **Improper Disclosure.** In the event of a disclosure of any Designated Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure (the "Disclosing Party"), and each party with knowledge thereof, shall immediately notify counsel for the Designating Entity whose Designated Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure, including, but not limited to, the identity of the person or entity to whom the disclosure of the Designated Material was made. The Disclosing Party shall also promptly take all reasonable measure to retrieve the improperly disclosed Designated Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made, including, but not limited to, sending a written request for return or destruction of the document and seeking an undertaking of confidentiality through the execution of Exhibit A. In the event the improper disclosure is made to a person not under the control of the Disclosing Party, and the request to that party is not promptly agreed to in writing, or in the event there is no response, or in the event that the

Disclosing Party deems the making of the request to be a useless act, the Disclosing Party shall promptly notify the Designating Entity of that fact.

18. **Privileged and Irrelevant Materials.** Nothing in this Protective Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of discovery.

19. **Inadvertent Disclosure of Privileged Information.** Under Rule 502 of the Federal Rules of Evidence and Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, incorporated herein by reference, the inadvertent or unintentional disclosure by the producing party or non-party of information subject to the attorney-client privilege or work-product doctrine, or any other applicable privilege or immunity shall not be deemed a waiver in whole or in part of the party's or non-party's claim of privilege or work-product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a party or non-party has inadvertently produced information subject to a claim of privilege or immunity, it shall promptly provide an updated privilege log that includes the improperly produced materials. The Receiving Party, upon request, shall return or destroy the inadvertently produced materials within ten court days of the request, and all copies of those materials that may been made and any notes regarding those materials shall be destroyed. The party returning or destroying such information may move the Court for an order compelling production of such information including on the ground that such production was not inadvertent or unintentional. However, the inadvertent production of privileged or otherwise protected materials cannot be a basis for seeking production.

20. **Additional Relief.** Nothing in this Protective Order shall be construed to prevent a party or non-party from seeking such further provisions regarding confidentiality as may be appropriate.

21. **No Waiver of Objections to Admissibility.** Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials.

22. **Third Party Confidential Materials in the Possession of a Disclosing Party.** During the course of this action, a party (the "Requesting Party") may request production of material that the party receiving the request believes is subject to contractual or other obligations of confidentiality express or implied, owed to a third party by the party receiving the request. The party subject to such contractual or other obligation of confidentiality (the "Disclosing Party") shall timely contact the third party to determine whether such third party is willing to permit disclosure of the confidential document or information under the terms of this Protective Order and shall inform the third party of the contents of this Protective Order and specifically of this paragraph. When such notice is given to the third party, the Disclosing Party will advise the Requesting Party that such notice has been given. If the third-party consents to disclosure, the Disclosing Party shall produce the requested information in accordance with the terms of this Protective Order, with the information designated as CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR, at the third party's direction. If the third party does not consent to disclosure of the confidential document or information under the terms of this Protective Order, the Disclosing Party or the third party shall promptly move the court for a protective order within in thirty days of notice. If no such motion is filed, the

Disclosing Party shall produce the information under the terms of this Protective Order. This Protective Order shall not preclude any party from moving the Court for an order compelling production of such material.

23.    **Advice to Client.**  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials produced or exchanged in this litigation, provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of the CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY – PROSECUTION BAR materials.

24.    **Continuing Obligations.**  This Protective Order, and all obligations and duties arising under this Protective Order, shall remain in effect after the final termination of this action, unless otherwise ordered by the Court.  The parties agree that the Court shall retain jurisdiction indefinitely over the parties, and any persons provided access to Designated Materials under the terms of this Protective Order, with respect to any dispute over the improper use of such Designated Materials and with respect to any orders permitting materials to be filed and maintained under seal.

25.    **Source Code.**  The parties agree that this Protective Order does not address the production of source code (including source code and source code listings, object code and object code listings, executable code and similar sensitive software code, whether in electronic or

printed form). Should such source code be identified for production, the parties will negotiate and request entry of a separate Protective Order governing the production of source code.

   26. **Miscellaneous Provisions.**

     a. Transmission by electronic mail is acceptable for all notification purposes herein.

     b. The Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Designated Materials or other confidential information.

   The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

   **SO ORDERED.**

        Signed: March 12, 2020

        David S. Cayer
        United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MOBILE TECH., INC. d/b/a MOBILE TECHNOLOGIES INC. and MTI,<br><br>        Plaintiff,<br><br>   vs.<br><br>INVUE SECURITY PRODUCTS INC.,<br><br>        Defendant. | CASE NO. 3:18-cv-00052-KDB-DSC<br><br>**NOTICE OF ADHERANCE TO PROTECTIVE ORDER** |

I, _____, in connection with the above-captioned lawsuit, hereby

acknowledge that I am to be provided access to designated materials supplied by other parties

and/or non-parties, as defined in the Stipulated Protective Order dated _____.

My address is _____.

My present employer or the Party I have been retained by is _____.

My present occupation or job description and title is _____.

Attached is a copy of my current resume or curriculum vitae (experts or consultants only).

I certify my understanding that the confidential information is being provided to me

pursuant to the terms and restrictions of the aforesaid Stipulated Protective Order and that I have

been given a copy of and have read and understood my obligations under that Stipulated

Protective Order. I hereby agree to be bound by the terms of the Stipulated Protective Order. I

understand that the confidential information and my copies or notes relating thereto may be

disclosed to or discussed with only those persons permitted by the Stipulated Protective Order to

receive such information.

I will return or destroy on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside counsel of record for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.


Dated: _____          By: _____